UNITED STATES of America, Appellee,

v.

Russell E. HAMILTON, Appellant.

UNITED STATES of America, Appellee,

v.

Ricky Lee ROGERS, Appellant.

Nos. 85–2253, 86–1246.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1986.

Decided July 14, 1986.

David W. Harlan, Clayton, Mo., for Hamilton.

Frederick R. Buckles, Asst. U.S. Atty., St. Louis, Mo., for U.S.

Charles H. Billings, St. Louis, Mo., for Rogers.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge and McMILLIAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Russell E. Hamilton and Ricky Lee Rogers appeal their sentences for two counts of kidnapping. They ask this court to remand for resentencing because the district court failed to comply with the 1983 amendment to Fed.R.Crim.P. 32(c)(3)(D). For the reasons discussed below, we remand and direct the district court to enter findings as required by Rule 32(c)(3)(D).

## I. BACKGROUND

Hamilton and Rogers each pled guilty to two counts of kidnapping. The district court sentenced Hamilton to two concurrent ninety-year terms and also ordered that he serve twenty-eight years before becoming eligible for parole. Rogers received a seventy-five-year sentence with no parole eligibility for twenty-four years. At the combined sentencing hearing, Hamilton and Rogers objected to information contained in the presentence report. Specifically, the report contained statements made by each victim that detailed events during the kidnappings and included allegations of physical and sexual abuse. The appellants disputed these statements at the time of their guilty pleas and again at sentencing. At the sentencing hearing, Hamilton requested a delay in order to obtain the first victim's medical reports. In denying the motion, the judge stated:

> I am going to deny it. First, I do not believe Miss Knorr's medical condition is a factor that has relevance to your representing Mr. Hamilton, and Mr. Hamilton representing himself in this sentencing procedure, and I am not going to take that or the things surrounding it into my decision. I don't have to get into those areas and I shall not.

The court made no other rulings or findings in connection with the disputed matters.

## II. DISCUSSION

On appeal, Hamilton and Rogers argue that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D), which provides:

> (D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

18 U.S.C. (Supp.1985).

The appellants contend that the court considered the victim's allegations without making the required factual finding. They specifically point to the sentencing judge's statement made after sentencing:

> It's my feeling, and the purpose of this sentence, that as I understand it, that

under the law the defendants otherwise would be eligible for parole under sentence of life imprisonment for ten years, and it's my particular and special intention with this sentence, *especially in view of the nature of the treatment of the women involved* and of the records of violations of the law of these defendants, the overall background as reflected in the nature of these two cases by both of them, that they not be eligible for parole for considerably longer than ten years, and I believe the ends of justice and the best interest of the public so require. (Emphasis added).

The appellants contend that despite the judge's earlier statement, he did in fact consider the controverted matter without a determination as to which version was correct in violation of Rule 32(c)(3)(D). Accordingly, they argue that a new sentencing hearing is necessary.

The Government argues that the judge was referring to all of the contested allegations concerning the treatment of the women when he stated that he would not go "into those areas." The Government contends that the statement was not ambiguous and, consequently, Rule 32(c)(3)(D) was satisfied. The Government also contends that "treatment of the women involved" refers to the "kidnapping incident and surrounding circumstances and not to the controverted material."

As we view the record, the trial judge's statements at the sentencing hearing are ambiguous. The statement of not going "into those areas" apparently is in reference to one victim's medical condition. Consequently, it is unclear whether this statement also reflected the district court's exclusion of the other disputed facts from consideration in the sentencing. Moreover, the statement made after sentencing as to the treatment of the women may indicate that the court in fact considered the disputed matters. Because the court failed to make a finding as to the reliability of the disputed matters, the requirements of Rule 32(c)(3)(D) were not met.

## III. CONCLUSION

We remand these cases to the district court and instruct the sentencing judge to enter a determination on the record as to whether he considered the contested facts in passing sentence. If the controverted material was considered in sentencing, the court is directed to conduct a hearing and enter findings on the contested matters. If not, the trial court should make a written determination that no such finding was necessary because the controverted matter was not taken into account in the sentencing in each case. The written record made by the trial court on these matters shall be appended to the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D). We will retain jurisdiction and we ask that the district court promptly dispose of this matter and certify its findings to this court.

ROSS, Circuit Judge, dissenting.

The sentencing judge in this case was Judge John F. Nangle. At the sentencing hearing, Judge Nangle made a statement which I read as an assertion that he was *not* going to "get into" matters dealing with Hamilton and Rogers' abuse of their kidnap victims and that he was "*not* going to take that or other things surrounding it into [his sentencing] decision." *See supra* at 1346 (emphasis added). It must be presumed that Judge Nangle was aware of the sentencing statutes in general, and of FED. R.CRIM.P. 32(c)(3)(D) in particular. Judge Nangle's sentencing statements should be read to favor a conclusion that he properly applied the sentencing statutes.

In my opinion sending this case back to Judge Nangle to restate his position in more definite language is a useless act and not likely to result in a change of the sentence of either Hamilton or Rogers.