**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Emmanuel O. LAWAL,
Defendant-Appellant.**

No. 86–2347.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1987.

---

Tom Berg, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

In this criminal appeal, the appellant Emmanuel Lawal contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) in imposing a ten-year sentence. We agree. Because the district court did not apply Rule 32 correctly, we vacate the sentence and remand the case to the district court for resentencing.

Following a guilty plea, Lawal was convicted of mail fraud, 18 U.S.C. § 1341, using a false name in a scheme to defraud, 18 U.S.C. § 1342, making false statements in an application to a federal agency, 18 U.S.C. § 1001, and possession of stolen mail, 18 U.S.C. § 1708. At the sentencing hearing, Lawal objected to a statement in the presentence report (PSI) estimating the victims' loss to be at least $100,000. Lawal claimed the loss was actually about $1,200. In direct response to Lawal's objection, the district judge said, "well, I'm not going to make [Lawal] pay restitution anyway." Later, the judge stated that Lawal's "rather elaborate scheme, continuing scheme, a very large scheme to steal just about everything [he] could get his hands on" justified a ten-year sentence. The district judge made no findings regarding the accuracy of information contained in the PSI.

On appeal, Lawal contends that the district court failed to comply with Fed.R. Crim.P. 32(c)(3)(D). When a defendant objects to the factual accuracy of material contained in his PSI, Rule 32(c)(3)(D) requires the district court to (1) make a finding as to each objection, or to (2) determine that the challenged material will not be considered in sentencing. The district court must then append its findings and/or determinations to the PSI. See Fed.R. Crim.P. 32(c)(3)(D). Since the district court made no findings regarding the accuracy of contested information, the sole question presented by this appeal is whether the court determined not to consider that information.

The answer to this question is unclear from the record. In response to Lawal's objection, the district judge said that he would not require restitution. This statement indicates that in all likelihood the judge considered the amount of loss relevant only to restitution. Since restitution would not be required, the judge would not consider the victims' loss in passing sentence. On the other hand, the judge may have meant to disregard the victims' loss as to restitution, but later consider the amount of that loss in deciding Lawal's sentence.[1] In passing sentence, the judge did say that Lawal's "elaborate scheme, continuing scheme, a very large scheme to steal just about everything [he] could get [his] hands on" justified a ten-year sentence. This statement might well refer to the large amount stolen from the victims. If so, the amount of the victims' loss did in fact influence Lawal's sentence.

For this Court to resolve the ambiguity created by the district court's statements would require precisely the sort of second-

---

1. The amount of the victims' loss could properly be considered relevant to several sentencing decisions, including the length of incarceration. We note in this regard that many judges calculate and consider parole release guidelines in fashioning sentences. See Fennell & Hall, Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts, 93 Harv.L.Rev. 1615, 1674 (1980). The Parole Commission has developed a predictive index system of parole release guidelines, which includes an offense severity index. In the instant case, the Parole Commission has now relied on the amount of the victims' loss, as estimated in the PSI, to calculate Lawal's offense severity index as Category 5.

guessing Rule 32(c)(3)(D) is designed to prevent. Further, it would assume a prerogative which is more appropriately that of the district court. The Rule serves two important functions: (1) it ensures that a defendant receives a fair sentence based on accurate information, and (2) it ensures that a clear record of the resolution of disputed facts is available. *United States v. Mischler*, 787 F.2d 240, 246 (7th Cir. 1986); *United States v. Ursillo*, 786 F.2d 66, 71 (2d Cir.1986). To ensure clarity, the Rule sets out simple requirements that are strictly construed.[2] *United States v. Velasquez*, 748 F.2d 972 (5th Cir.1984).

Given Rule 32(c)(3)(D's) aim of insuring a clear record, we cannot read the district court's ambiguous statements as constituting a determination sufficient to satisfy the Rule's strict requirements. Lawal's sentence is, therefore, vacated and the case remanded for resentencing in compliance with Rule 32(c)(3)(D).[3] Following resentencing, the district court must append to the PSI its findings and determinations regarding the disputed information so as to fully comply with Rule 32.

VACATED AND REMANDED.

---

2. The Rule does not impose an onerous burden. In the instant case, for example, Lawal also objected to a portion of the PSI which listed pending cases as part of Lawal's prior criminal record. In response to this objection, the district court determined "not to take into account the pending cases." Lawal and the Government agree that this simple statement was all that Rule 32 required with regard to that objection.

3. A number of other courts have also concluded that ambiguous findings and/or determinations require a remand for resentencing in compliance with Rule 32. *See, e.g., United States v. Reynolds*, 801 F.2d 952, 958 (7th Cir.1986); *United States v. Edwards*, 800 F.2d 878, 882 (9th Cir.1986); *United States v. O'Neill*, 767 F.2d 780, 787 n. 5 (11th Cir.1985); *but see United States v. Hamilton*, 794 F.2d 1345, 1347 (8th Cir.1986) (case remanded for clarification of ambiguous determination).