UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald E. SMITH, Defendant-Appellant.

No. 86–3605.

United States Court of Appeals,
Fifth Circuit.

April 19, 1988.

Herbert Larson, New Orleans, La. (Court-appointed), for defendant-appellant.

Donald E. Smith, pro se.

Constantine D. Georges, Asst. U.S. Atty., John P. Volz, U.S. Atty., Peter G. Strasser, Robert M. Hamilton, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before BROWN, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

A prisoner appeals from an order denying motions under 28 U.S.C. § 2255 challenging the validity of his conviction on the grounds of involuntary guilty plea, ineffective assistance of counsel, and violation of Rule 32 of the Federal Rules of Criminal Procedure. We affirm with modification.

I

Donald E. Smith pled guilty in federal district court to conspiracy to import marijuana and to conspiracy to possess marijuana with intent to distribute. As part of the plea bargain, the government dropped two counts of importation and possession. Smith was sentenced to five years for conspiracy to import and eight years to be served concurrently for conspiracy to possess.

Smith, proceeding pro se and under 28 U.S.C. § 2255,[1] moved to vacate, set aside, or correct the sentence. He asserted that an error in the pre-sentence investigation report regarding the amount of marijuana involved increased the severity rating of his crime and that although the district court ordered that the error be corrected, the Parole Commission had adopted the uncorrected PSI. The petition then was amended after Smith obtained counsel.

The district court held that because Smith attacked his post judgment confinement rather than the judgment itself, Smith should have filed a petition for habeas corpus under 28 U.S.C. § 2241 instead of proceeding under § 2255. The court then held that it lacked territorial jurisdiction and dismissed without prejudice.

Smith next filed a new § 2255 motion asserting: (1) that his guilty plea was involuntary because his counsel misinformed him about possible sentences; (2) that the trial court considered prior uncounseled convictions; (3) that the district court made no written response to controverted statements in the PSI; and (4) that his counsel was ineffective. The district court denied this motion without evidentiary hearing.

On appeal Smith presses these same four claims and relatedly argues that the district court should have held an evidentiary hearing, should have construed his pro se petition liberally, and should not have denied summarily his Rule 60(b) motion. The government argues that Smith has abused the writ process.

II

■ The grounds for relief under § 2255 are narrower than those for relief on direct appeal. On direct appeal a defendant may raise any error subject to the limiting reality of the harmless error rule.[2] In contrast, § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage

1. The full text of this paragraph reads:
   Federal custody; remedies on motion attacking sentence
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
   28 U.S.C. § 2255.

2. *Johnson v. United States,* 805 F.2d 1284, 1287 (7th Cir.1986).

of justice."[3] Thus, in determining whether a claim of error is cognizable under § 2255, we first look to whether the claim is that petitioner was deprived of a constitutionally secured right or jurisdictional.

■ Section 2255 reaches a claim of a constitutional magnitude unless the petitioner has deliberately bypassed the direct appellate process.[4] Other errors may not be raised in a § 2255 motion if they could have been raised on direct appeal[5] and that the claim could not have been asserted on direct appeal does not mean that it can necessarily be asserted under § 2255 because

> [e]ven those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted "'a fundamental defect which inherently results in a complete miscarriage of justice.'"[6]

At least one circuit has narrowed the reach of § 2255 to constitutional errors.[7] Whether § 2255 reaches claims that do not assert a deprivation of right secured by the Constitution is not presented by this case and we do not decide the question.[8]

Our threshold task, thus, is to determine which of Smith's claims fall into each of these two camps. Claims of involuntary guilty plea, consideration of uncounseled convictions, and ineffective assistance of counsel are of course constitutional in nature, and we will address each of these in turn by applying the deliberate bypass analysis. First, though, we will address the nonconstitutional claims of the district court's failure to comply with Rule 32(c)(3)(D) and denial of Smith's motion to correct.

## III

■ We first consider whether 28 U.S.C. § 2255 will support an attack upon a district court's failure to comply with Rule 32 of the Federal Rules of Criminal Procedure. Rule 32(c)(3)(D) provides:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Rule 32 serves twin goals of obtaining a fair sentence based on accurate information and obtaining a clear record of the resolution of disputed facts.[9] We have held on direct appeal that violation of Rule 32 is reversible error requiring resentencing[10] and that Rule 32 must be construed strictly.[11]

The district court violated Rule 32(c)(3)(D) by failing to make findings regarding disputed information in the PSI report. Had Smith appealed directly to this court, it is likely that we would have reversed and remanded for resentencing. Smith, however, did not file a direct appeal but instead waited and challenged his sentence by a § 2255 motion, and, again, the

---

3. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir.1981).

4. *Kaufman v. United States,* 394 U.S. 217, 220 n. 3, 89 S.Ct. 1068, 1070–71 n. 3, 22 L.Ed.2d 227 (1969); *Capua,* 656 F.2d at 1037.

5. *Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067 (1976); *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590–91, 91 L.Ed. 1982 (1947).

6. *Id.*

7. *See Johnson v. United States,* 805 F.2d 1284 (7th Cir.1986).

8. *See* n. 3 *supra.*

9. *See United States v. Lawal,* 810 F.2d 491, 493 (5th Cir.1987).

10. *See United States v. Velasquez,* 748 F.2d 972, 973 (5th Cir.1984).

11. *Lawal,* 810 F.2d at 493.

grounds for relief under § 2255 are narrower than those for relief on direct appeal.

■ Much judicial energy has been spent puzzling over whether a claim such as Smith's is cognizable under § 2255.[12] That is, whether an error is of a sort constituting "a fundamental defect which inherently results in a complete miscarriage of justice."[13] We do not reach this inquiry until we are satisfied that the claim could not have been raised on direct appeal, for *Capua* dictates that the ability to raise a nonconstitutional issue on direct appeal, and the failure to have done so, is a bar to collateral review.

■ A violation of Rule 32(c)(3)(D) is cognizable either on direct appeal[14] or on a Rule 35[15] motion to correct a sentence.[16] Smith did not take either of these steps and has thus failed to bring his claim within the narrow ambit of § 2255 review.

### IV

■ Smith also argues that the district court abused its discretion in denying his first motion to correct the sentence under Federal Rules of Civil Procedure 60(b). In that motion, Smith again complained only that the Parole Commission had adopted a pre-sentence report containing erroneous information as to the amount of marijuana involved. As we previously discussed, such a complaint should be raised through a § 2241 motion filed in the district court where the prisoner is confined.[17] The district court thus properly dismissed the motion for lack of territorial jurisdiction. However, when a prisoner's motion is dismissed for lack of jurisdiction rather than dismissal on the merits, the dismissal is necessarily without prejudice to afford the prisoner the opportunity to refile in the proper court.[18] We therefore modify the district court's order to dismiss Smith's motion without prejudice.

### V

We now turn to Smith's constitutional claims of involuntary guilty plea, consideration of uncounseled convictions, and ineffective assistance of counsel. A constitutional claim is cognizable under a § 2255 motion unless the petitioner has deliberately bypassed direct appeal. In *Buckelew v. United States*,[19] we discussed deliberate bypass analysis:

> The standards for finding a deliberate bypass are rigid, and proof of bypass typically involves a showing that the prisoner secured some tactical advantage by not pressing his claim earlier. Moreover, in most cases a deliberate bypass must itself be proved at an evidentiary hearing, unless it is clearly shown on the record, as when the trial transcript reveals an express waiver of the issue by defense counsel.[20]

Here, the government has made no argument that Smith's constitutional claims are barred due to deliberate bypass.

#### –1–

■ Smith asserts that his attorney told him that he would receive a maximum sentence of five years and he agreed to plead

---

12. *See, e.g., United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Poor Thunder v. United States*, 810 F.2d 817 (8th Cir.1987); *Johnson v. United States*, 805 F.2d 1284 (7th Cir.1986).

13. *Hill*, 368 U.S. at 428, 82 S.Ct. at 471.

14. *See United States v. Lawal*, 810 F.2d 491 (5th Cir.1987).

15. Fed.R.Crim.Pro. Rule 35 provides:
    (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal

manner within the time provided herein for the reduction of sentence.

16. *See Velasquez*, 748 F.2d at 974.

17. *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985).

18. *See Voisin's Oyster House v. Guidry*, 799 F.2d 183, 188 (5th Cir.1986).

19. 575 F.2d 515 (5th Cir.1978).

20. *Id.* at 519 (citations omitted).

guilty on that basis. The Plea Agreement that Smith signed stated that he understood the maximum possible sentences were five years on the conspiracy-to-import charge and fifteen years on the conspiracy-to-distribute charge. Smith asserts that a *verbal* agreement contradicted the written one.

The district court questioned Smith extensively before accepting his guilty plea:

The Court: You understand, Mr. Smith, that you could be sentenced to a term of imprisonment for as long as twenty years and a fine of as much as a hundred and forty thousand dollars?

Smith: I do, Your Honor.

. . . .

The Court: Has anyone, including your lawyer, told you what sentence I will actually impose if I accept your guilty plea?

Smith: No.

. . . .

The Court (to Smith's lawyer): Have you made any representations to him as to the sentence I will actually impose?

Mr. Ervin: No.

Smith submitted eleven affidavits from relatives and friends who all asserted Smith had told them his lawyer had worked out an agreement that he would receive a maximum sentence of five years. The government submitted an affidavit from Smith's trial counsel stating he never promised Smith a five-year sentence but only indicated he believed the sentence would be about five years.

The defendant has the burden of proving that he is entitled to habeas relief on the ground that his guilty plea was involuntary.[21] Smith has failed to meet that burden. He testified in open court that his plea was voluntary, that he understood the possible range of sentences, and that his

lawyer had made no representations regarding his sentence. Such testimony "carries a strong presumption of verity."[22] Moreover, an evidentiary hearing is not required when the petitioner's allegations are contradicted directly by his testimony in court.[23] The record supports the defense counsel's affidavit that no promises were made regarding possible sentences, and it supports the district court's finding that Smith's guilty plea was voluntary.

–2–

■ Smith asserts that his sentence is illegal because the court considered several prior uncounseled convictions. The district court found that the "convictions" of which Smith complains were included in the pre-sentence report and were two juvenile adjudications and one misdemeanor breaking and entering offense, none of which resulted in imprisonment. The sixth amendment guarantees a defendant the right to counsel only in criminal prosecutions that actually result in imprisonment. *See Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). Thus, Smith's constitutional rights were not infringed by the inclusion of these uncounseled "convictions" in the pre-sentence report.

–3–

■ Smith asserts that he received ineffective assistance of counsel because his attorney misled him concerning the plea bargain and induced him to accept it. The Supreme Court held in *Hill v. Lockhart*[24] that the two-part test from *Strickland v. Washington*[25] applies to allegations that a guilty plea was due to ineffective assistance of counsel. Under that test, a defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced by his counsel's ineffective as-

21. *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983).

22. *Id.*

23. *Id.*

24. 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

25. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

sistance.[26] "Prejudice" occurs if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." [27]

There is no indication in the record that Smith's attorney acted unreasonably. Assuming *arguendo* that Smith's allegation that he was led to believe a verbal plea agreement had been reached limiting his sentence to five years, Smith still cannot show the prejudice required by the second part of the *Strickland* test. The test is objective; it turns on what a reasonable person in the defendant's shoes would do.[28] Smith's present protest that he would have insisted on going to trial is empty. All of Smith's co-defendants had already pleaded guilty and had agreed, as part of their plea bargains, to testify against any co-defendant who went to trial. The district court indicated when it accepted the guilty plea that it considered the government's evidence sufficient. As a result of the plea bargain, the charges of possession and importation of marijuana were dropped. Those charges each carried a possible fifteen-year sentence at the time of Smith's indictment.[29] We are fully persuaded that a reasonable person would have done as Smith.

Finally, Smith argues that the district court erred in not liberally construing his petition and in deciding the case without an evidentiary hearing. We are unpersuaded by either of the arguments because the issues all can be resolved on the record and because, even when construed liberally, Smith has failed to present arguments that would afford him any relief but the limited modification we give him.

We also are unpersuaded by the government's argument that Smith's second motion is an abuse of writ. His first motion was dismissed for lack of jurisdiction not because it was meritless; thus, reasserting the issue argued in the first motion is not an abuse of the writ process.

Accordingly we AFFIRM as MODIFIED.

---

**26.** *Hill,* 106 S.Ct. at 369–70.

**27.** *Id.* at 370.

**28.** *See Id.* at 371.

**29.** 21 U.S.C. § 960; 21 U.S.C. § 841.