UNITED STATES of America, Appellee,

v.

**Said AREFI, Michael Geyer, Anthony Montalvo, Joseph Allo and Erasmo Oddo, Defendants,**

**Erasmo Oddo, Defendant–Appellant.**

**No. 659, Docket 87–1408.**

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1988.

Decided May 2, 1988.

---

Edward S. Panzer, New York City, for defendant-appellant.

Thomas P. Milton, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. for the E.D.N.Y., David C. James, Asst. U.S. Atty., Brooklyn, of counsel), for appellee.

Before LUMBARD, KEARSE and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Erasmo Oddo appeals from the sentence imposed upon him by the United States District Court for the Eastern District of New York, George C. Pratt, *Circuit Judge,* sitting by designation, following his conviction upon a plea of guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Judge Pratt sentenced Oddo to a five-year term of imprisonment followed by three years of special parole, plus a mandatory special assessment of $50. On appeal, Oddo seeks to have this sentence vacated on the grounds that (1) the court failed to comply with Fed.R. Crim.P. 32 with respect to appellant's challenges to the presentence report; (2) the court improperly refused to exclude a witness from the courtroom as required by Fed.R.Evid. 615; and (3) the government failed to prove the allegation in the presentence report that Oddo was the source of the cocaine that was sold to an undercover agent. Although we reject most of Oddo's contentions, we find that the presentence report was tainted by one material misstatement. We therefore vacate the sentence and remand the case to the district court with instructions to comply with the requirements of Fed.R.Crim.P. 32 and to resentence the defendant.

## BACKGROUND

Appellant Oddo was arrested on November 4, 1986, together with codefendants Joseph Allo and Anthony Montalvo, following the sale of two kilograms of 96% pure cocaine to an undercover agent in the parking lot of the shopping center at Roosevelt Field on Long Island, New York. All three defendants' cases were originally assigned to Judge Mishler of the Eastern District of New York. Montalvo cooperated with the government and on January 27, 1987, he pleaded guilty before Judge Mishler to a single-count superseding information that charged him with distributing cocaine in violation of 21 U.S.C. § 841(a)(1).

Allo and Oddo were charged in a two-count superseding indictment with conspiracy to possess and distribute cocaine and with distributing in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. For scheduling reasons, their cases were transferred to Judge Pratt for trial. However, on March 25, 1987, the date scheduled for their trials, Allo and Oddo pleaded guilty to the lesser included crime of distributing an unspecified quantity of cocaine.

Presentence reports were prepared with respect to all three defendants. The reports related that Allo and Oddo were more culpable than Montalvo and that Oddo was the primary source of the drugs. Oddo challenged various statements in his report, asserting in particular that he played only a minor role in the drug transaction. In order to determine the relative culpability of the three defendants, as well as to resolve challenges to the contents of the reports, Judges Pratt and Mishler held a joint sentencing hearing beginning on August 12, 1987, with respect to all three defendants. After three days of hearings, at which Allo, Montalvo and the undercover agent testified, the two judges independently concluded that, as between the three defendants, Oddo was the source of the cocaine that was sold to the agent.

## DISCUSSION

### A. *Compliance With Fed.R.Crim.P. 32*

Oddo challenged various statements contained in his presentence report. He now asserts that his sentence should be vacated because Judge Pratt failed to make specific findings of fact with respect to those challenges and to append such findings to the report, as required by Fed.R.Crim.P. 32(c)(3)(D). We discuss the controverted statements seriatim.

### 1. *Lack of Cooperation*

■ The report contained the statement that "defendant has provided no coopera-

tion with respect to this investigation." Oddo objected to this statement on the ground that the district court may not enhance a sentence because of a defendant's failure to cooperate with the government, even though it may consider cooperation as a mitigating factor. *United States v. Stratton,* 820 F.2d 562 (2d Cir.1987). Judge Pratt specifically responded to this objection, stating on the record that he would not consider Oddo's lack of cooperation in determining sentence. Since the sentencing judge is not required to make any findings when he explicitly disavows any reliance on a controverted statement such as this one, *see* Fed.R.Crim.P. 32(c)(3)(D)(ii), this omission was not a violation of Rule 32. *United States v. Navaro,* 774 F.2d 565 (2d Cir.1985) (per curiam).

■ We agree with Oddo that Rule 32 mandates that the district court append its determination regarding the challenged statement. Nonetheless, this technical violation does not require us to vacate the sentence. *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986); *see United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir. 1986). Since this omission can easily be cured, we remand to the district court with instructions to append its determination to the presentence report.

### 2. *Oddo's Role in the Transaction*

Oddo contested the accuracy of various statements in the presentence report that identified him as the source of the cocaine sold to the undercover agent. In particular, the report contained the following assertions regarding his role:

> Allo and Oddo are equally the most culpable defendants and the source of the cocaine. The case agent says that Allo received the cocaine from Oddo and then gave it to Montalvo for sale.
>
> Agents characterized the defendant [Oddo] as a primary figure who served as the source for the two kilos [of cocaine].... [H]is role [would] seem to indicate a proprietary interest in the overall transaction....

Oddo claimed that these statements were inaccurate because he played only a minor role in the deal, acting only as "lookout" for Allo.

■ On appeal, Oddo asserts that the court failed to make specific findings as to each of these controverted statements. This contention is without merit. Judge Pratt announced in open court at the conclusion of three days of hearings that he and Judge Mishler had reached a finding as to the roles played by the different defendants: "We find that the cocaine was originally supplied here by Mr. Oddo, and his responsibility here was essentially to see that when it was sold it got paid for and the money would come back to him. We have no information as to where Mr. Oddo may have acquired it." We consider this statement to be sufficiently precise to comply with the requirement of Rule 32, since it directly addressed Oddo's challenge that "these statements of his level of culpability are pure conjecture" and that Oddo "had a minor role and is the least culpable in what transpired with respect to the cocaine on November 4, 1986." Although the court again failed to order that its findings be appended to the report, this omission also can readily be cured on remand without requiring us to vacate the sentence. *Santamaria,* 788 F.2d at 829.

Prior to sentencing, Oddo also challenged the statement in the presentence report that "Montalvo has previously mentioned [sic] received the cocaine from Oddo [sic]." The government now concedes that this statement is inaccurate because Montalvo did not assert that Oddo provided him with the cocaine; rather, he testified that Allo was his supplier and that he had not met Oddo prior to participating in this drug transaction. The government contends that the statement merely contained typographical errors. Under Rule 32, however, the district court was required to make findings as to the accuracy of the statement or to disclaim reliance upon it, but did not do either. Ordinarily, in such a situation, "[u]nless the government can demonstrate that the disputed facts were not relied upon, the defendant must be resentenced." *United States v. Eschweiler,* 782 F.2d 1385, 1389 (7th Cir.1986); *see United*

*States v. Lawal,* 810 F.2d 491, 492–93 (5th Cir.1987).

■ Although the statement in question misrepresents Montalvo's identification of his supplier, this inaccuracy was not prejudicial to Oddo. The court found that "the cocaine was originally supplied here by Mr. Oddo...." As discussed *infra* at point C, we find that the testimony provided at the hearing was more than sufficient to sustain this finding; therefore, we do not believe that the failure to correct or to disclaim reliance upon the misstatement requires us to vacate the sentence.

Although the rule "is designed to insure maximum clarity, on the record, of the sentencing judge's treatment of disputed matters," *Ursillo,* 786 F.2d at 71, this court does not apply the rule mechanically. Rather, where the inaccuracy is *de minimis* in the context of the case as a whole, or where the violation of the rule is technical or ministerial, resentencing is not required. *United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.1987); *see United States v. Castillo–Roman,* 774 F.2d 1280, 1285 (5th Cir.1985); *see also Ursillo,* 786 F.2d at 71.

■ We likewise see no reason to vacate a sentence where, as here, the error could not have been relied upon to the defendant's detriment. *See United States v. Ryan,* 810 F.2d 650, 657 (7th Cir.1987); *Eschweiler,* 782 F.2d at 1390. After considering Oddo's arguments, we are satisfied that, in view of all of the other evidence presented regarding Oddo's involvement in the transaction, this particular statement was inconsequential. Indeed, Judge Pratt's explicit finding that "Mr. Montalvo was acting as a go between, between ... the under cover [sic] officer and Mr. Allo from whom Mr. Montalvo believed he would be able to obtain the cocaine," clearly indicates that he was not misled as to the chain of supply. Under these circumstances, it would be inappropriate to upset the sentence imposed based on these omissions alone. However, even if a misstatement is "harmless" and does not require resentencing, it must still be corrected or clarified, *see Eschweiler,* 782 F.2d at 1390; *see also Bradley,* 812 F.2d at 782,

and we therefore remand to the district court for compliance with Rule 32.

We also note and draw the attention of the district court to the fact that the presentence report submitted to this Court under seal as part of the record on appeal has been modified and varies from the one that Oddo challenged. In the version that we have examined, some of the statements that Oddo contested have been corrected, although in other instances, only grammatical changes have been made. One of the significant modifications that we have discovered involves the alteration of the sentence that, according to the government, had contained typographical errors. It now reads: "Montalvo, as previously mentioned, received the cocaine from Allo" (changes underlined).

■ While it appears that the government may have made a good faith effort to correct prior errors, we disapprove of the alteration of documents in this manner. Though it may have been appropriate for the government to. request permission to submit two versions of the report—the original plus a corrected report marked to show changes—it is improper to submit on appeal a record that differs from that which was actually before the district court. Upon remand, in order to fulfill the purposes of Rule 32, the district court should compare the two versions of the presentence report and ensure that the version considered by the district court to be correct is made available to appropriate prison and parole authorities.

### 3. *Oddo's Conduct at the Time of Arrest*

■ Both the original report and the modified one contain the disputed statement "Oddo was arrested as he started to run towards the [Roosevelt Field] Mall." Oddo insists that he was walking, not running. Even though the district court failed to make the required finding with respect to this statement, the accuracy of this representation is immaterial to the propriety of the sentence. Consequently, this alleged misstatement provides no basis to

upset the sentence imposed; but since any errors in the report should be corrected, we instruct the district court to comply with Rule 32 on remand with respect to this dispute.

### 4. *The Scope of Oddo's Criminal Activity*

The original report contained the controverted statement that "defendant played what authorities described as a primary role in multiple cocaine transactions." Oddo asserted in the district court that this statement contained the unwarranted implication that he was a persistent drug dealer who participated in many different drug transactions. He contended that the evidence only demonstrated his involvement in the one transaction to which he had pleaded guilty. The government responded that the report merely alluded to the fact that the transaction was supposed to involve five kilograms of cocaine, to be sold in two exchanges, and that the two-kilogram sale for which Oddo was arrested was only the first installment. Judge Pratt neither addressed this challenge nor disclaimed reliance upon it before imposing sentence. The subject statement is ambiguous and misleading, and we note that this wording has also been changed in the modified version of the report that is now before us. The modified report says "the defendant played what authorities describe as a primary role in a multi-kilo cocaine transaction...."

■ Our review of the transcript of the sentencing hearing suggests that Judge Pratt based Oddo's sentence primarily on his finding that Oddo was the source of the cocaine. There is no indication that the court understood that Oddo was involved in any other drug transaction or that the sentence imposed was in any way affected by the ambiguous statement in the report. However, we cannot rely upon conjecture as to what statements the district court may have considered or ignored; pursuant to Rule 32, resentencing is warranted whenever the court may have considered a material controverted statement and did not first make a finding as to its accuracy.

*See Eschweiler,* 782 F.2d at 1389, 1390 n. 11 ("[W]here it is unclear whether the sentencing judge relied on the contested information, resentencing would resolve the matter."); *United States v. Velasquez,* 748 F.2d 972 (5th Cir.1984) (defendant convicted on one count of aiding and abetting transportation of illegal aliens entitled to be resentenced because court may have considered statement that he was a "notorious alien smuggler"); *cf. Bradley,* 812 F.2d at 782, 783 n. 10 (resentencing not required if, on remand, judge can disclaim reliance on controverted statement containing only *de minimis* inaccuracy). Since the statement in Oddo's report about "multiple cocaine transactions," if considered by the court, may have affected the sentence imposed, we are constrained to vacate the sentence and to remand for resentencing.

### B. *Failure to Exclude Witnesses*

■ Oddo further argues on appeal that the court violated Fed.R.Evid. 615 by failing to exclude Montalvo from the courtroom during the sentencing hearing while the other witnesses were testifying. This argument is without merit. The rules of evidence, by their own terms, do not apply to sentencing hearings. Fed.R.Evid. 1101(d)(3). Moreover, even if Rule 615 were applicable, this rule explicitly provides that it does not authorize the exclusion of "a party who is a natural person." Since Montalvo was a party defendant to the joint proceedings being conducted, there was no error in permitting him to remain present while other witnesses were testifying.

### C. *Sufficiency of the Evidence*

■ Oddo's final challenge to his sentence is that the government did not present sufficient evidence to substantiate its claim that Oddo provided the drugs that Allo gave to Montalvo for sale to the undercover agent. Judges Pratt and Mishler heard testimony for three days, with evidence presented both by the government and by the defendants. Allo's testimony was consistent with the version of the facts urged on the court by Oddo; neither Allo

nor Montalvo testified that Oddo was the supplier. The undercover agent testified, though, both as to his observation of the drug transaction and, from his expert knowledge and experience, about the roles played by the respective participants. The agent's testimony established that (1) the supplier of the drugs is often present when his drugs are being sold via a third party to a new buyer, such as the agent was in this transaction; (2) the high quality of the cocaine (96% pure) indicated that the transaction was close to its prime source; and (3) Allo performed the "lookout" role, since he carried a gun and was close to the exchange, while Oddo was unarmed and observed the exchange from a safe distance. This latter conduct was described as typical behavior for a supplier and was inconsistent with Oddo's professed role of "lookout".

Judges Pratt and Mishler independently reached the conclusion that the government agent's testimony was credible, and that Allo's was not. Since Oddo had argued that the transaction occurred in the manner that Allo had claimed, the court therefore rejected Oddo's version of the incident. Having reviewed the transcript of the hearing, we find that there was sufficient evidence to support the conclusion of the district court.

### CONCLUSION

The district court's failure to append its findings to the presentence report is a ministerial omission that can readily be cured; the misstatement concerning the identity of Montalvo's supplier did not prejudice Oddo since the court reached an independent finding that Oddo supplied the cocaine that was sold; and it is immaterial whether Oddo was walking or running at the time of his arrest. None of these errors is significant enough to warrant resentencing. Nevertheless, we remand the case and direct the district court to examine the two versions of the presentence report and to comply with Rule 32 with respect to these matters.

The misstatement in the report which implied that Oddo was involved in drug transactions other than the one for which he was being sentenced was prejudicial and may have influenced the sentence imposed. Since we cannot tell whether the district court considered this statement, we must vacate the sentence. After complying with the obligations of Rule 32, the court shall resentence the defendant. Having considered all of Oddo's arguments, we reject his other challenges to the sentence imposed.

The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion. The mandate shall issue forthwith.