UNITED STATES of America, Appellee,

v.

Charles Lee ANDERSON, Appellant.

No. 89–1203.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Sept. 29, 1989.

Howard A. Shalowitz, Clayton, Mo., for appellant.

Richard Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Charles Lee Anderson pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Supp. V 1987). At sentencing, the district court observed that previous consolidated sentences permitted Anderson to have fewer criminal history points than he might have had if his past offenses had been tried separately. Believing guidelines criminal history category IV underrepresented the seriousness of Anderson's criminal history, the district court departed upward to criminal history category VI. The court then sentenced Anderson to thirty-six months in prison and two years of supervised release. We vacate the sentence and remand for resentencing.

■ Anderson argues the district court improperly departed from the criminal history category computed under the guidelines. An upward departure from the guidelines is warranted when "reliable information indicates that the criminal history category [determined under the guidelines] does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines § 4A1.3, at 4.8 (Oct. 1987); see also United States v. De Luna-Trujillo, 868 F.2d 122, 124 (5th Cir.1989). In considering an upward departure based on a defendant's past criminal conduct, the sentencing court must compare the seriousness of the defendant's criminal history with the criminal histories of offenders in each higher category and then select the category that most closely resembles the defendant's history. See U.S. Sentencing Guidelines § 4A1.3, at 4.9 (Oct. 1987); see also United States v. Miller, 874 F.2d 466, 470–71 (7th Cir.1989).

■ In this instance, the district court did not follow the procedure required for departure. Although the district court's findings support its decision that the applicable guideline underrepresents the seriousness of Anderson's criminal history, the court failed to compare Anderson's history to that of "most defendants with a [c]ategory [VI] criminal history." U.S. Sentencing Guidelines § 4A1.3, at 4.9 (Oct. 1987); see also United States v. Lopez, 871 F.2d 513, 514–15 (5th Cir.1989).

■ Anderson also contends the district court committed error by increasing the firearms offense level to reflect that the gun he possessed was stolen. See U.S. Sentencing Guidelines § 2K2.1(b)(1) (Oct. 1987). Anderson argues an increase was not proper because no evidence was introduced to show that he stole the gun or knew it was stolen. This argument is without merit. Guidelines section 2K2.1(b)(1) directs an increase "[i]f the firearm was stolen." Id. Since Anderson makes no claim that his gun was not stolen, the district court properly increased the offense level.

■ Finally, Anderson argues the district court erroneously failed to reduce the offense level to reflect his acceptance of responsibility. See id. § 3E1.1(a). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," id. § 3E1.1 commentary, application note 5, we will reverse a sentencing court's determination only if it is without foundation. United States v. Thompson, 876 F.2d 1381, 1384 (8th Cir. 1989). In arriving at its determination, however, the district court did not resolve a critical factual dispute. Anderson contends he volunteered his possession of a gun to the arresting officers. Conversely, the probation officer's report states that Anderson denied possessing a weapon when arrested. The district court should resolve this dispute and then reconsider its refusal to re-

duce the offense level in light of its finding.

Accordingly, we vacate Anderson's sentence and remand the case for resentencing.