UNITED STATES of America, Appellee,

v.

Miguel CARDENAS, Appellant.

No. 89–1291.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Feb. 13, 1990.

Renee E. Schooley, St. Louis, Mo., for appellant.

Kathianne K. Crane, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and BRIGHT, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Miguel Cardenas pled guilty to possessing an unregistered firearm in violation of 26 U.S.C. § 5861 (1982). He was sentenced pursuant to the United States Sentencing Guidelines to serve twenty-one months imprisonment followed by a three-year term of supervised release. The sole issue in this appeal is whether the district court[1] erred by denying Cardenas' request for a two-level sentence reduction under the Guidelines for acceptance of responsibility even though his counsel and the counsel for the government had entered into a stipulation agreeing that he had accepted responsibility for his offense. We affirm the judgment of the district court.

On January 20, 1988, Cardenas was arrested for possessing a sawed-off shotgun in violation of 26 U.S.C. § 5861. Cardenas signed a written confession admitting that he had been in possession of the firearm, and then pled guilty to this offense. The court departed upward from the Guidelines to impose a thirty-month sentence. This sentence was later vacated, however, and the court resentenced Cardenas to a term of twenty-one months imprisonment, the maximum allowable under the Guideline range, to be followed by three years of supervised release.

During the first sentencing proceeding,[2] the court rejected the two-level reduction for acceptance of responsibility in the following exchange with Cardenas' counsel:

MS. SCHOOLEY: Your Honor, are you then agreeing with probation that he does not receive acceptance for responsibility?

THE COURT: That is correct.

In sentencing Cardenas, the district court considered the presentence investigation report prepared by the Probation Office. The report contained the following statement concerning acceptance of responsibility:

Although the defendant admitted possession of the firearm after his arrest, the defendant did not voluntarily surrender to authorities promptly after the commission of the offense. Also, in discussing the offense with the Probation Office, the defendant related that the firearm did not actually belong to him but that it belonged to Carlos Guerra, who threatened to kill him if he did not hold the gun and who then called the police on him.

Cardenas argues that he was entitled to a two-level reduction in his sentence because he admitted committing the offense,

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Neither party has provided the court with a transcript of the second sentencing proceeding. The lack of a transcript, however, is not critical to our review because a sufficient foundation for the sentencing judge's determination exists elsewhere in the record. Cardenas argues that the district court erred in not addressing the issue of acceptance of responsibility in the second proceeding. We believe that there was no error, however, because the court addressed the issue at the first sentencing proceeding. The resentencing was simply based on the district judge's withdrawal of the upward departure.

he pled guilty, and he offered assistance to authorities in their investigation of other crimes. He argues that the Assistant United States Attorney agreed with these facts, as evidenced by the Stipulation of Facts Relevant to Sentencing entered into by the parties. The stipulation states that "[t]he parties agree that this admission [possession of the firearm] by the defendant and the defendant's guilty plea clearly demonstrate a recognition and affirmative acceptance of personal responsibility for the offense alleged in the indictment." Cardenas also emphasizes the fact that both his attorney and the Assistant United States Attorney objected to the presentence investigation report prepared by the Probation Office. He argues that Sentencing Guideline § 6A1.3(b) required the court to notify the parties of its tentative findings when resolving matters in dispute and to provide a reasonable opportunity for submitting oral or written objections prior to imposing sentence.

Section 3E1.1 of the Guidelines, which reduces the offense level for acceptance of responsibility, has proven to be a great source of sentence appeal optimism. Following the Supreme Court's decision in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), upholding the constitutionality of the Sentencing Guidelines, this court has decided approximately fifteen cases in which defendants challenged their sentences under this particular guideline.[3] In one of our most recent opinions discussing section 3E1.1, *United States v. Allen*, 886 F.2d 143 (8th Cir.1989), we stated:

> The Guidelines allow the District Court to adjust a defendant's base offense level downward if he "clearly demonstrates a recognition and affirmative acceptance of

personal responsibility for his criminal conduct." § 3E1.1....

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. His decision to depart or not is entitled to great deference on review, and *will not be disturbed unless it is without foundation*. Commentary to § 3E1.1, Section 5.

886 F.2d at 146 (emphasis added). Therefore, our task is to determine whether there was a foundation for the sentencing judge's decision.

At the sentencing proceeding, Cardenas' attorney asked the sentencing judge if the court agreed with the presentence investigation report's conclusion that Cardenas should not receive a sentence reduction for acceptance of responsibility. The court responded, "That is correct." While this is admittedly not the most expansive statement, it clearly is the sentencing judge's determination and is entitled to "great deference on review," as the commentary to this Guideline's section mandates. *See* U.S.S.G. § 3E1.1, comment. (n.5).

We are satisfied that the excerpt from the presentence investigation report, set forth above, the objection to the report, and the courtroom proceeding, provide a foundation for the sentencing judge's determination. The Application Notes in the commentary to section 3E1.1 provide a list of factors which are appropriately considered in determining whether a defendant qualifies for the offense level reduction.[4] When we examine these considerations in the context of Cardenas' offense, we are persuaded that the sentencing judge did not err in his determination that Cardenas was not entitled to a sentence reduction for acceptance of responsibility.

---

3. In these cases, we have stressed the great deference accorded the sentencing judge on appeal. *See, e.g., United States v. Anderson*, 886 F.2d 215, 216 (8th Cir.1989); *United States v. Holland*, 884 F.2d 354, 359 (8th Cir.1989); *United States v. Johnson*, 879 F.2d 331, 335 (8th Cir.1989); *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.1989); *United States v. Young*, 875 F.2d 1357, 1361 (8th Cir.1989); *United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989).

4. The following considerations are particularly relevant: whether there was (1) voluntary termination or withdrawal from criminal conduct or associations; (2) voluntary and truthful admission to authorities of involvement in the offense; (3) voluntary surrender to authorities promptly after commission of the offense; and (4) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n.1).

We are aware that Cardenas' counsel and the Assistant United States Attorney entered into a stipulation in which they agreed that Cardenas had accepted responsibility for his offense. We also recognize that both Cardenas' counsel and the Assistant United States Attorney filed objections to the presentence investigation report's recommendation on acceptance of responsibility. The Assistant United States Attorney particularly objected to the statement in the presentence investigation report that Cardenas did not voluntarily surrender to authorities promptly after committing his offense. The Assistant United States Attorney recognized that this statement was based on the officer's statement that Cardenas ran to the kitchen and discarded the shotgun. While he agreed that this was a significant factor in determining acceptance of responsibility, he urged that it was outweighed by the other circumstances of the case, namely Cardenas' admission of guilt, his guilty plea, and his willingness to provide information to authorities concerning narcotics activities.

In considering the effect of this stipulation on sentencing procedures, we have previously held that a memorandum of agreement filed jointly by the defendant and the Assistant United States Attorney, stating that the defendant accepts responsibility, does not bind the sentencing court. *United States v. Nunley*, 873 F.2d 182 (8th Cir.1989). We stated:

> A stipulation that [the defendant] accepts responsibility is not enough by itself to trigger § 3E1.1(a) when even a plea of guilty would not entitle a defendant to sentence reduction as a matter of right. Guidelines § 3E1.1(c).

873 F.2d at 187. We also made the important observation that the "issue of [defendant's] acceptance of responsibility is still for the court, not the prosecution, to resolve." *Id.* at n. 6.

It is important to recognize the different roles played by various parties in a typical sentencing procedure. The Probation Office prepares a presentence investigation report containing factual findings and recommendations concerning relevant Guideline considerations. The defendant's counsel and the attorney for the government then state their positions to the court, either in writing or in a hearing. In this case, counsel for both parties filed a stipulation, made objections to the presentence investigation report, and orally stated their positions at the sentencing.[5] The typical sentencing procedure then concludes when the sentencing court makes the requisite factual findings and applies the appropriate Guideline sections.

■ As *Nunley* states, the ultimate responsibility for determining whether the defendant is entitled to a sentence reduction for acceptance of responsibility lies with the court. *Id.* While the Probation Office and the counsel for the parties may properly make recommendations regarding sentencing, the final decision still rests with the court. The Guidelines and Application Notes stress that the sentencing judge's determination as to whether a defendant has clearly demonstrated affirmative acceptance of personal responsibility under section 3E1.1 is entitled to great deference on review and is not to be disturbed unless it is without foundation.

■ We now turn to the determinative question in this appeal, whether there was a foundation for the district court's refusal to grant the sentence reduction. At the sentencing hearing, Cardenas' counsel articulated her position on his acceptance of responsibility. In this colloquy, the district judge specifically mentioned Cardenas' flight into the next room and discarding of the gun. These were the precise facts that the Assistant United States Attorney pointed to in his objections to the presentence investigation report, in which he noted the relevance of these facts to the statement that Cardenas did not voluntarily surrender. The United States Attorney agreed that this was significant in determining acceptance of responsibility but argued

---

5. Cardenas argues that the court failed to satisfy Sentencing Guideline § 6A1.3(b) which requires that the parties have an opportunity to object when there are matters in dispute. The record shows that sufficient opportunity was given, and that objections were in fact made.

that, under the circumstances, it was outweighed by other factors. The statement of the sentencing judge thus responded directly to the issue raised by the government. We have stated on two occasions that it is relevant to acceptance of responsibility that the defendant did not voluntarily terminate his or her illegal conduct or surrender to authorities before the arrest. *United States v. Nunley,* 873 F.2d 182, 187 (8th Cir.1989); *United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.1989). The comments of the sentencing judge specifically addressed the objection raised by the government and the contents of the presentence investigation report. The report, the objections, and the courtroom colloquy demonstrate the foundation, recognized by our decisions, necessary to support the decision of the district judge, who was in a unique position to evaluate this issue. We should not require more under section 3E1.1.

It is also true that the presentence investigation refers to Cardenas' statements that the firearm belonged to another individual who forced him to carry it. In the sentencing hearing, Cardenas' counsel stated that she had discussed this issue with Cardenas and they had decided it was not possible to prevail on this theory. The failure to dispute these statements creates additional foundation for the determination by the district judge.

■ It is appropriate to make some additional observations at this point. The sentencing judge's determination in this case was summarily stated. Admittedly, the sentencing procedures are not a model of precision or clarity. The sentencing judge should clearly identify the facts found to be determinative and specify the basis for applying the Guidelines in the sentencing hearing or order. In this case, the district court could have greatly aided our review by making more specific findings. Nevertheless, we believe the record here is sufficiently clear to reveal the foundation for the sentencing judge's ruling and therefore, there is no error justifying reversal. It is important to distinguish section 3E1.1 of the Guidelines, which is a generalized inquiry of whether the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility, from certain Guidelines which require more specific factual determinations, such as the quantity of drugs, amount of money involved in a crime, or whether a dangerous weapon was used or discharged. We should not require the same exactitude of the sentencing judge who makes this generalized inquiry and finding as we require for applying Guidelines based on the more specific factual determinations. As we conclude that Cardenas' sentence was not "imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(f)(1), we affirm the sentence imposed by the district court.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent.

In this case, both defense counsel and the prosecutor disputed the probation officer's recommendation to deny Cardenas a sentencing reduction for acceptance of responsibility. The probation officer recommended the denial for two reasons: (1) failure to voluntarily surrender promptly after commission of the offense, and (2) Cardenas' assertion that someone else, one Carlos Guerra, owned the gun and coerced him into carrying it.

Notwithstanding the joint objections, the district court's only "finding" on Cardenas' acceptance of responsibility occurred *after* the imposition of sentence—following defense counsel's specific request for clarification:

> MS. SCHOOLY [defense counsel]: Your Honor, are you then agreeing with probation that he does not receive acceptance for responsibility?
>
> THE COURT: That is correct.

Sentencing Transcript at 8. The above "finding" on acceptance of responsibility is insufficient. The Federal Rules of Criminal Procedure and the United States Sentencing Guidelines require district courts to resolve disputed factors *before* imposing sentence, not after the fact as occurred here. Fed.R.Crim.P. 32(c)(3)(D); United States Sentencing Commission, *Guidelines*

*Manual,* § 6A1.3(b) & comment. (backg'd) (Nov. 1987) (amended 1989) [hereinafter U.S.S.G.]. Further, it remains unclear from the above colloquy whether the district court adopted the probation officer's factual findings as its own or agreed with only the probation officer's ultimate conclusion. Such ambiguity is impermissible under Rule 32(c)(3)(D). *See United States v. Hamilton,* 794 F.2d 1345, 1347 (8th Cir. 1986); *United States v. Petitto,* 767 F.2d 607, 609–10 (9th Cir.1985).

In addition, Fed.R.Crim.P. 32(c)(2)(D) requires courts to resolve disputes over alleged factual inaccuracies in the presentence report or to explicitly forego the use of such information in sentencing. *Poor Thunder v. United States,* 810 F.2d 817, 819 (8th Cir.1987); *see also United States v. Anderson,* 886 F.2d 215, 216–17 (8th Cir.1989) (per curiam) (requiring district court to resolve critical factual dispute). This requirement extends to inaccurate factual inferences which could be drawn from undisputed facts, *United States v. Gomez,* 831 F.2d 453, 455–57 (3d Cir.1987),—at least when such inferences are reasonable, *cf. United States v. Jones,* 856 F.2d 146, 148–49 (11th Cir.1988) (findings not required for far-fetched inferences), and material to the sentencing determination, *cf. Poor Thunder v. United States,* 810 F.2d at 825–26 (trial court need not correct every objectionable nuance in PSI).

At the sentencing for this case, defense counsel disputed the probation officer's inference that Cardenas' failure to immediately surrender himself during the heat of a police break-in indicated that Cardenas had failed to accept responsibility for his criminal conduct. The district judge's only response to this argument was that Cardenas "should not have been under that situation." The court's response not only failed to resolve this clearly material factor, it also suggested that the district judge de-

nied the reduction because of the very behavior resulting in Cardenas' arrest. In my view, a defendant's conduct prior to arrest constitutes an improper basis for denying credit for acceptance of responsibility.

Furthermore, both defense counsel and the prosecutor disputed the relevance of Cardenas' contention that Guerra owned the weapon and forced Cardenas to hold it. Because these facts potentially comprised an important factor in the sentencing determination, U.S.S.G. § 6A1.3 required the district court to explicitly resolve the question of their relevance. *Cf. United States v. Palta,* 880 F.2d 636, 640–41 (2d Cir.1989) (requiring finding as to relevance of gun found in defendant's car); *United States v. Burch,* 873 F.2d 765, 767–68 (5th Cir.1989) (requiring finding as to appropriateness of computing offense level based on total drugs found at scene of crime). Indeed, such findings are necessary to protect a defendant's right to appeal based on incorrect application of the Sentencing Guidelines under 18 U.S.C. § 3742(a)(2) (1988). *See Palta,* 880 F.2d at 641; *Burch,* 873 F.2d at 767.

Moreover, neither the district court nor the probation officer ever explicitly found that Cardenas' claim of coercion lacked credibility. *Cf. Hamilton,* 794 F.2d at 1347 (requiring finding as to reliability of disputed allegations). In fact, the presentence report suggests that the contrary is actually the case.[1] Obviously, had Cardenas fabricated this account to mitigate his role, the district court could have properly denied the reduction for accepting responsibility. The majority was not free, however, to draw these negative inferences of its own accord to support the district court's conclusory result. *See United States v. Blanco,* 884 F.2d 1577, 1583 (3d Cir.1989); *United States v. Arefi,* 847 F.2d 1003, 1008 (2d Cir.1988).[2]

---

**1.** Under the Guidelines, furnishing a material falsehood during a presentence investigation constitutes obstruction of justice. U.S.S.G. § 3C1.1, comment. (n.1(e)). Despite this consideration, however, the probation officer's report explicitly states: "There is no information

suggesting that the defendant impeded or obstructed justice."

**2.** Significantly, absent a specific finding that Cardenas lacked credibility, his statement should have mitigated his culpability, not aggravated it. This claim of coercion, uncontradicted

Finally, the prosecutor, in objecting to the presentence investigation, explicitly asserted that Cardenas' positive admissions of guilt and his offer to assist Government investigations outweighed the negative impact of any momentary lapse at the time of arrest. Neither the presentence report nor the district court addressed this issue.

The sentencing judge must assume the responsibility for correct application of the Guidelines, *see United States v. Yellow Earrings*, 891 F.2d 650, 655 (8th Cir.1989), but failed to do so in this case.

Accordingly, I would vacate Cardenas' sentence and remand this case to the district judge for a resolution of the factual and legal issues and for such further hearing as might be appropriate.

---

in the record, suggests that Cardenas played a lesser role in the offense, *see* U.S.S.G. § 3B1.2 & comment. (backg'd), and acted under a threat of physical injury, *see* U.S.S.G. § 5K2.12. Such factors, if true, would indicate a downward adjustment in sentence even if, as here, they apparently failed to constitute a complete defense. *United States v. Cheape*, 889 F.2d 477, 479–80 (3d Cir.1989).