IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20811
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ALFONSO MONTEROSA-GARCIA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-261-1
- - - - - - - - - -
July 24, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Alfonso Monterosa-Garcia has appealed his conviction
and sentence for conspiring to possess cocaine with intent to
distribute.  Monterosa contends that he should be permitted to
withdraw his guilty plea or that specific performance of his plea
agreement with the Government should be ordered because of the
failure of the Government for move for a downward departure
pursuant to U.S.S.G. § 5K1.1.  Monterosa, as the party alleging a
breach of the plea agreement, bears the burden of proving the
underlying facts establishing a breach by a preponderance of the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence. <u>United States v. Garcia-Bonilla</u>, 11 F.3d 45, 46 (5th Cir. 1993). The Government did not agree to request a downward departure pursuant to § 5K1.1. The Government did request at sentencing that Monterosa be sentenced as if he had a criminal history category I in order that Monterosa might be sentenced under § 5C1.2 to a term of imprisonment below the statutory minimum. The district court denied the request because of the circumstances of the case, especially the quantity of drugs involved. The Government asked for a departure and the request was refused. There was no breach of an agreement between the Government and Monterosa and there is no unfulfilled obligation which the Government could be ordered to perform.

Monterosa argues that he should be permitted to withdraw his guilty plea because his attorney rendered ineffective assistance in advising him that he would be entitled to be sentenced under the "safety valve" provision of § 5C1.2. Generally, a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations. See <u>United States v. Higdon</u>, 832 F.2d 312, 313-14 (5th Cir. 1987). A 28 U.S.C. § 2255 motion is the proper avenue for raising such a claim. See <u>United States v. Smith</u>, 844 F.2d 203, 206 (5th Cir. 1988).

AFFIRMED.