**UNITED STATES of America,
Appellant,**

v.

**Sujit SINGH, Appellee.**

**No. 90–5518.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 27, 1990.

Decided Jan. 17, 1991.

James M. Weinberg (argued), Weinberg and Kaplow, P.A., Springfield, N.J., for appellant.

Michael Chertoff, U.S. Atty., Eric L. Muller (argued), Asst. U.S. Atty., Newark, N.J., for appellee.

Before BECKER and NYGAARD, Circuit Judges, and POLLAK *, District Judge.

## OPINION OF THE COURT

LOUIS H. POLLAK, District Judge.

This is an appeal from a judgment of sentence. Appellant Sujit Singh pled guilty to a one-count indictment for distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At sentence, the district court, rejecting the joint recommendation of defense counsel and government counsel, declined to award appellant the two-level reduction of base offense level for "affirmative acceptance of personal responsibility for his criminal conduct" permitted by Section 3E1.1(a) of the Sentencing Guidelines.[1] Appellant contends that the district court erred (1) in denying the two-level reduction, and (2) in not articulating the grounds for denial with the clarity required by Federal Rule 32(c)(3)(D) of the Rules of Criminal Procedure.[2] For the reasons that follow, we conclude that the dis-

trict court's denial of the two-level reduction was not clearly erroneous, and we further conclude that the district court's explanation of its ruling did not contravene Rule 32(c)(3)(D). Accordingly, we will affirm.

### I.

Singh was indicted in September of 1989 after selling heroin to a federal agent, and, on arraignment, pled not guilty. In February of 1990, he began negotiations with the government and offered, among other things, to identify his source of supply. On February 21, Singh executed a plea agreement which provided, *inter alia*, that, in return for a plea of guilty and on the condition that he would provide substantial assistance to the government, the government would move at the time of sentencing, pursuant to § 5K1.1 of the Guidelines, for a downward departure from the Guidelines sentence range. The plea agreement also contained a stipulation between the government and the defendant that "the defendant has clearly demonstrated his recognition and affirmative acceptance of personal responsibility for his criminal conduct (decrease two offense levels)." The plea agreement recognized, however, that "this agreement to stipulate cannot and does not bind the sentencing Court, which may make independent factual findings and reject any or all stipulations entered into by the parties."

During the course of his plea colloquy, on February 21, the defendant admitted his guilt ("I did it") and affirmed in response

---

* The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. § 3E1.1 *Acceptance of Responsibility*

    (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

    (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

    (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

2. Rule 32(c)(3)(D)

    If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

to specific questions from the court that he was responsible for each element of the offense, including knowledge and intent. The court accepted his plea.

In order to facilitate the preparation of a presentence report, defense counsel and the probation officer informally agreed that the probation officer could proceed to interview the defendant without counsel present about all matters to be covered in the presentence report except the immediate offense conduct.

However, during an initial uncounseled interview with the probation officer, the subject of offense conduct was in fact discussed, and Singh, according to the probation officer, denied having knowingly participated in a drug-related transaction.[3] Therefore, the probation officer's draft presentence report included a recital that Singh had not fully accepted responsibility for his crime and a recommendation that the two-level reduction contemplated by § 3E1.1 be denied:

12. In an interview with the probation officer on February 21, 1990, Mr. Singh adamantly denied that he knowingly participated in a drug transaction. He related that he had no knowledge that the purported book he was holding contained illegal drugs and he attempted to shift the blame on other, unindicted individuals.

\* \* \* \* \* \*

20. In verbal remarks made to the probation officer, the defendant denied knowing that he was participating in a drug transaction during the commission

of the instant offense. He is, therefore, not entitled to a two point reduction in the offense level.

Responding in writing to the draft presentence report, the government advised the probation officer that, although it could not comment on what had transpired during the course of the interview, it remained of the view that the defendant should be granted the two-level reduction since (1) in his pre-plea debriefing he had admitted, "albeit reluctantly," having knowingly committed the crime and (2) he had reaffirmed this during his plea colloquy.

Responding by telephone, defense counsel informed the probation officer that he would have his client prepare a written statement to clarify his position on the question of offense conduct. No such clarifying statement was received by the probation officer. However, defense counsel did write directly to the court to express dissatisfaction with the manner in which the probation officer had handled the uncounseled interview and to stress that the defendant had fully professed responsibility for his offense during other proceedings, such as the plea colloquy. The letter to the court also stated that "[t]he defendant denies telling Mr. Gallo [the probation officer] that he was not guilty of the offense."

At sentencing, defense counsel refrained from revisiting the specific contents of the probation interview. Instead, counsel chose to emphasize other occasions on which the defendant had acknowledged his guilt[4] and to remind the court of the "un-

3. Defense counsel claims that he advised his client not to discuss the offense and that the probation officer violated their informal agreement. See letter of May 24, 1990 to Judge Rodriguez (appendix at 47). The probation officer claims that the subject arose at the defendant's insistence "in spite of my reminder to him that his attorney had asked that we not discuss the actual offense." The probation officer also claims that defense counsel failed to show up at the time designated to discuss the offense conduct. See Probation Officer Richard A. Gallo's letter of May 30, 1990 to Judge Rodriguez (appendix at 50–51).

4. "The point is, Judge, that there are other factors as the court is aware under the particu-

lar Guideline 3E1.1 that allows this court to determine that the defendant should indeed be granted his Acceptance of Responsibility. And I would again just go over those things that I provide the court by way of letter.... He was interviewed by the D.E.A. and he indicated to the D.E.A. and he gave a confession that he was involved in a narcotics transaction.... Later on, agreement was reached between the defendant and the government. And a meeting was held and the defendant provided cooperation. But in addition, he clearly indicated to the government that he was involved in a drug transaction.... Additionally, as your honor is aware, the defendant came to court back in February and entered a plea of guilty.... And he responded affirmatively and again demon-

fortunate and disturbing" fact that the probation interview had not been attended by counsel. Rather than pressing for a further exploration on the record of whether defendant had accepted responsibility, counsel simply noted that the defendant was available to provide additional testimony, if necessary, at the court's behest.[5] Counsel explained that "I don't really mean to criticize probation" and "I don't believe that it's appropriate at this point to get into a major argument concerning the difference of opinion that I have with this particular probation officer." In short, for reasons strategic or otherwise, the defense shied away from a direct refutation of the specific facts discussed in the presentence report and instead urged the court to view the report in the context of the entire record. Counsel spent the bulk of his presentation detailing the extent of defendant's cooperation and assistance as grounds for a downward departure under § 5K1.1.

In its presentation to the court, the government noted that it "was not privy to any conversation that the defendant had with" probation, but urged nevertheless that the defendant be afforded the two-level reduction for acceptance of responsibility on the basis of statements made by the defendant in the presence of government counsel.

However, despite the joint urging of counsel, Judge Rodriguez refused to grant the requested two-level reduction. Judge Rodriguez observed that "when the probation officer did confront the defendant, the defendant, of course, made certain denials." He explained that statements made during the course of a probation interview

provide a more telling indication of a defendant's actual attitude than statements made during a plea or allocution where certain perfunctory admissions might be anticipated as a matter of course. He thus concluded: "I cannot disagree with the probation officer's assessment ... and, therefore, to make this determination now, I feel that under all the circumstances, that no revision will be made with respect to the acceptance of responsibility." However, at the government's instance—pursuant to the plea agreement—Judge Rodriguez did grant a modest downward departure on the basis of defendant's cooperation and assistance.[6]

## II.

Appellant contends that the district court erred in finding that he had not accepted responsibility for his crime. He submits that his pre-plea confession, guilty plea, and the stipulation contained in his plea agreement, all dictate a contrary result. He also submits that it is inherently inconsistent for the district court to have found that he cooperated substantially with the government and yet did not accept responsibility.

■ The Guidelines call for a two-level reduction in the defendant's base offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." § 3E1.1(a). The United States Sentencing Commission, which drafts the Guidelines, has observed that the "sentencing judge is in a unique position to evaluate a defendant's acceptance

---

strated that he was pleading guilty voluntarily.... And I, again, I don't really mean to criticize probation, because it's simply detracting from more important issues that should be determined this afternoon. But I really would urge the court in light of this information, to afford the defendant the two point reduction for acceptance of responsibility." (Transcript of June 8, 1990 at 4–5).

5. Defense counsel did note in passing that the probation officer was not present in the district

courtroom, but raised no objection to carrying on the sentencing hearing without him. At oral argument before this court, it was stated that the probation officer arrived at Mr. Singh's sentencing hearing toward the end of the proceeding.

6. In the government's view, Singh's cooperation merited some, but not extensive, reward. The prescribed Guidelines incarceration range for Singh's sentence was 63 to 78 months. The court set the sentence at 60 months.

of responsibility" and that therefore "the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." § 3E1.1 (commentary) (application note 5). Accordingly, a district court's finding that a defendant did not accept responsibility may be reversed only if "clearly erroneous." *United States v. Cianscewski*, 894 F.2d 74, 83 (3d Cir.1990), citing *United States v. Ortiz*, 878 F.2d 125, 128 (3d Cir.1989).[7]

■ Judge Rodriguez' finding was not clearly erroneous. It was consistent with and supported by uncontested material contained in the presentence report. In applying § 3E1.1(a), Judge Rodriguez based his conclusion on the contents of the probation interview. While defense and prosecution both objected to the probation officer's finding that Singh was "not entitled to a two point reduction," the presentence report's description of what was said by the defendant during the course of his interview was left unchallenged by either counsel. Judge Rodriguez ruled, therefore, with Singh's apparent denial of complicity in mind. It is not clear error to find that there has not been acceptance of responsibility where the defendant has denied having knowingly committed a crime.

Judge Rodriguez was not compelled to reach a different result simply because of Singh's guilty plea or because of the stipulation contained in the plea agreement.

The Guidelines make it abundantly clear that a plea of guilty is not dispositive as to the defendant's acceptance of responsibility. Section 3E1.1(c) states, for example, that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under this section [acceptance of responsibility] as a matter of right." The commentary on this section of the Guidelines, prepared by the Sentencing Commission and applicable at the time the appellant pled guilty and the court imposed sentence, noted that "[a] guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section." *Guidelines Manual*, § 3E1.1 (commentary) (application note 3) (Nov. 1989).[8] See also *Ortiz, supra*, 878 F.2d at 128 (guilty plea does not raise presumption of entitlement to reduction for acceptance of responsibility).

■ Similarly, the existence of a stipulation cannot bar the judge from making an independent determination on this crucial and sensitive aspect of sentencing. See *United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989). The plea agreement itself observed that final determination of this issue rested with the court. Neither a plea nor a stipulation, nor any other submission made by the parties, can override the discretion of the sentencing judge, who bears "the ultimate responsibility for determining

---

7. In enunciating this standard in *Ortiz*, this court reasoned that "the question is essentially factual" and thus falls "under the due deference standard compelled by title 18 U.S.C. Section 3742(e)." See 878 F.2d at 128 & n. 3.

8. Application note 3 has been amended, effective November 1, 1990, to provide:

Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

See *Guidelines Manual*, § 3E1.1 (commentary) (application note 3) (Nov. 1990).

The commentary applicable at the time of appellant's plea and sentence further provided, by way of "Background," that

[t]he availability of a reduction under § 3E1.1 is not controlled by whether the conviction was by trial or plea of guilty. Although a guilty plea may show some evidence of acceptance of responsibility, it does not automatically entitle the defendant to a sentencing adjustment.

Effective November 1, 1990, this portion of the "Background" was deleted. Compare *Guidelines Manual*, § 3E1.1 (commentary) (Background) (Nov. 1989) and *Guidelines Manual*, § 3E1.1 (commentary) (Background) (Nov. 1990).

whether the defendant is entitled to a sentence reduction for acceptance of responsibility." *United States v. Cardenas*, 896 F.2d 317, 320 (8th Cir.1990) (citing *Nunley, supra*).

■ Finally, there is nothing inherently inconsistent in the district court's finding that Singh had substantially assisted the government and thus qualified for a downward departure under § 5K1.1 but had not accepted responsibility in the fashion contemplated by § 3E1.1. To be sure, the Sentencing Commission has acknowledged that a defendant's "voluntary assistance to authorities" is one factor that a sentencing judge should consider in deciding whether to grant a reduction for acceptance of responsibility. See § 3E1.1 (commentary) (application note 1(e)). In that sense, assistance and acceptance of responsibility are related concepts. But a sentencing judge must, nevertheless, address these two aspects of sentencing independently. The Guidelines have not been drafted so as to compel the conclusion that a defendant has by his cooperation demonstrated personal acceptance of responsibility for his misconduct. It is, after all, possible for a defendant to provide assistance to authorities without fully implicating himself.

### III.

■ Appellant Singh further contends that the district court erred by failing to make specific findings on the record, as required by Federal Rule of Criminal Procedure 32(c)(3)(D), with regard to this aspect of sentencing. Appellant submits that the district court simply announced that it would decline to grant the two-level reduction without articulating the grounds for that disposition.[9]

■ Rule 32 requires the judge, as a predicate for sentencing, either to resolve all disputes as to facts recited in the pre-

sentence report, or to make clear that the matters in dispute will not be a factor in sentencing. "The purpose of Rule 32 is to ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the [presentence] report are aware of whatever resolutions occurred at sentencing." *United States v. Rosa*, 891 F.2d 1063, 1070 (3d Cir.1989), quoting *Kramer v. United States*, 798 F.2d 192, 194 (7th Cir.1986).

Judge Rodriguez did comply with the requirements of this rule by resolving the one major factual dispute presented at sentencing, namely, whether Singh had affirmatively accepted responsibility. He concluded that he could not "disagree with the probation officer's assessment" and that, "therefore ... under all the circumstances ... no revision [in the presentence report] will be made with respect to the acceptance of responsibility." The grounds for this finding were clearly stated on the record.[10] In short, we reject appellant's characterization of how this issue was handled by the district court.

Prior to the sentencing hearing, defense counsel, by letter to the court, had stated that "defendant denies telling [Probation Officer] Gallo that he was not guilty of the offense." But at the sentencing hearing defense counsel did not press his position so as to require further and more detailed findings under Rule 32. Rather, defense counsel abstained from challenging the historical facts recited in the presentence report. Most importantly, no dispute was raised at sentencing as to the contents of the probation interview in which Singh's denials were said to have been made. The defense apparently never submitted a written response to the probation officer. The defense never challenged the probation officer's credibility. The defense never urged the judge to make independent findings on this particular aspect of the presen-

---

9. In this regard, appellant requests a remand for resentencing conditioned upon satisfaction of Rule 32.

10. Judge Rodriguez noted that "when the probation officer did confront the defendant, the defendant, of course, made certain denials."

tence report. To the contrary, the defense pursued a non-confrontational course, challenging the probation officer's ultimate conclusion but not the specific factual basis underlying that conclusion as set forth in the presentence report. Judge Rodriguez thus exhausted his Rule 32 responsibilities by making a finding of ultimate fact.

Had defense counsel raised a dispute as to specific historical facts, the judge would have been required under Rule 32 either to make more detailed findings or to determine and state that the disputed matters were irrelevant to sentencing.[11] However, Rule 32 should not be read to require the sentencing judge to make findings and resolve disputes where no real factual issue has been squarely presented.

## IV.

For the foregoing reasons, we conclude (1) that the district court did not err in finding that the appellant was not entitled to a sentencing reduction under § 3E1.1, and (2) that the district court made all the findings required by Rule 32. Accordingly, the judgment of the district court will be affirmed.

---

**11.** If a situation were to arise at sentencing in which defense counsel unambiguously and in timely fashion challenged a factual finding contained in a presentence report and/or the method by which the probation officer arrived at the disputed finding, the sentencing judge should, as a predicate for making detailed Rule 32 findings, conduct a hearing aimed at resolving the factual dispute or determining that the matter in dispute would not affect the sentence to be imposed.