

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# USA v. Baker

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Baker" (2004). *2004 Decisions.* Paper 833.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/833

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

Nos. 02-4611 and 02-4612

UNITED STATES OF AMERICA,

v.

CATHERINE F. BAKER,

Catherine Baker,

Appellant in No. 02-4611

UNITED STATES OF AMERICA,

v.

CATHERINE F. BAKER,
a/k/a CATHERINE BRIMMER

Catherine Baker,

Appellant in No. 02-4612

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 02-cr-00063-01 and 02-cr-00638-01)
District Judge: Hon. John R. Padova

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2004

(Filed: April 15, 2004)

_____

OPINION

_____

COWEN, Circuit Judge.

Catherine Baker appeals her sentence following separate guilty pleas to two criminal informations charging her with mail fraud, in violation of 18 U.S.C. § 1341, based upon her embezzlement of over $400,000 from two former employers. Baker argues that the District Court erred in finding that she had obstructed justice in connection with her submission of fake jewelry as part of her restitution obligation, which resulted in a two-level increase in her guidelines offense level. She further maintains that the District Court erred in finding that she had not demonstrated acceptance of responsibility for her actions, which resulted in the denial of a three-level reduction in her offense level. Finding no error, we will affirm the sentence in all respects.

On February 4, 2002, the United States Attorney filed the first of two criminal informations in the consolidated case before us. Baker plead guilty to that information on March 7, 2002. The U.S. Attorney filed a second information on September 27, 2002; the two cases were consolidated on October 4, 2002. Baker plead guilty to the second

_____

\*Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

information on October 31, 2002. The two informations charged Baker with separate counts of mail fraud for embezzling over $400,000 from two former employers, the Department of Orthopaedic Surgery at the University of Pennsylvania Medical Center and the Milton S. Hershey Medical Center in Hershey, Pennsylvania.

In her plea to the first information, Baker admitted to using the proceeds of the embezzlement to purchase several pieces of diamond jewelry that had been seized by the Federal Bureau of Investigations on November 19, 2001. On March 25, 2002, the District Court entered a Preliminary Order of Forfeiture that identified the seized jewelry as property subject to forfeiture. In July 2002, Baker sent the FBI several pieces of jewelry as part of her restitution obligation; Baker later identified the sent items as the diamond jewelry identified in the order. When the FBI brought the jewelry to an appraiser, however, it discovered that the jewelry was made not of diamond, but of cubic zirconia. The government then learned that Baker had purchased the cubic zirconium jewelry, which cost substantially less than the diamond jewelry, subsequent to the issuance of the forfeiture order.

At her sentencing hearing on December 23, 2002, Baker testified that she had purchased the cubic zirconium jewelry for her personal use, to replace the diamond jewelry seized by the FBI. She claimed that she directed her husband to send the diamond jewelry to the FBI because she was ill at the time, and that her husband inadvertently sent the cubic zirconia instead. Baker admitted, however, that despite

3

owing over $219,000 under the March 2002 forfeiture order, she had spent $1,700 on the cubic zirconium jewelry, misidentified the nature of the purchase to her probation officer, and waited a number of months before attempting to return the diamond jewelry in question.

The District Court stated that it had "grave questions about [Baker's] credibility" with regard to her explanation, and found that the government had established by more than a preponderance of the evidence that Baker had obstructed justice with respect to the return of the forfeited diamond jewelry. The District Court further found that Baker's conduct in attempting to defraud the government and in attempting to conceal assets that could have been applied to her restitution obligation demonstrated that Baker had not accepted responsibility for her actions. The obstruction of justice finding resulted in a two-level increase to Baker's offense level under the U.S. Sentencing Guidelines, while the finding that Baker had not accepted responsibility for her actions deprived her of a three-level reduction.

Baker argues that the District Court erred in finding that she had willfully obstructed justice because the submission "had no impact on the proceedings against her," the government knew that she had submitted the cubic zirconium jewelry, and her explanation should have been accepted as accurate. Baker's contentions are misplaced. There is no merit to her argument that concealment of forfeited assets and false representations to law enforcement as to those assets falls outside the scope of Sentencing

4

Guidelines § 3C1.1.  See, e.g., United States v. Anderson, 68 F.3d 1050, 1056 (8th Cir. 1995) (imposing obstruction of justice enhancement where defendant concealed and misrepresented assets that would otherwise have been available for fines and restitution). The government's knowledge as to the identity of the jewelry is irrelevant, as the evidence produced over the course of the proceedings was more than sufficient for a reasonable factfinder to find, by a preponderance, that Baker willfully submitted fake jewelry in an attempt to retain the fruits of her illegal activity.  The District Court did not clearly err in rejecting Baker's explanation of the circumstances surrounding her submission of the jewelry as not credible.

Baker next argues that the District Court erred in denying her a three-point reduction for acceptance of responsibility, maintaining that she was entitled to a reduction based on her guilty pleas, waiver of venue challenges, and surrender of other assets. Again, however, she fails to articulate how the District Court clearly erred in its determination that her conduct prior to sentencing failed to demonstrate acceptance of responsibility.  See United States v. Singh, 923 F.2d 1039, 1043 (3d Cir. 1991) ("[T]he determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.") (quoting U.S. Sentencing Guidelines § 3E1.1).  The District Court properly weighed all the relevant circumstances in determining that Baker was not entitled to a reduction for acceptance of responsibility. These circumstances included Baker's apparent disregard for her restitution obligation, as

evidenced by her purchase of two new vehicles to replace vehicles seized by the FBI in connection with her embezzlement, her purchase of $1,700 worth of jewelry to replace the seized diamond jewelry, and her attempt to pass off fake jewelry in satisfaction of the forfeiture order.

We find that the District Court did not clearly err in imposing the two-level enhancement for obstruction of justice and denying the three-level reduction for acceptance of responsibility. For the foregoing reasons, the judgments of the District Court entered on December 27, 2002 will be affirmed.