

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-26-2006

# USA v. Saggese

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Saggese" (2006). *2006 Decisions*. Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1078
_____

UNITED STATES OF AMERICA

v.

RONALD J. SAGGESE,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 04-cr-00045)
District Judge:  Honorable Kent A. Jordan
_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2006

Before:  FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,* *District Judge*.

(Filed:   December 26, 2006)

_____

OPINION OF THE COURT
_____

BUCKWALTER, *District Judge*.

_____

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Ronald J. Saggese was charged by indictment with three counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 1996, 1997 and 1998.

On June 17, 2005, Saggese waived indictment and pled guilty to an information charging him with one count of tax evasion. The original indictment was dismissed after Saggese was sentenced in December, 2005.

After being sentenced by the District Court on December 14, 2005, to 24 months imprisonment, Saggese filed a timely notice of appeal on January 5, 2006, from the sentence which was entered on the docket on December 20, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## I.

The sole issue raised in this appeal is whether the sentencing court erred in denying Saggese a two-level reduction for acceptance of responsibility.

Saggese argues that at his change of plea hearing on June 17, 2005, he accepted responsibility by his clear and unequivocal admission of guilt. The record of the change of plea hearing supports his contention that he made such an admission to the evasion of taxes on $28,411 of income for the year 1998 as set forth in the information. (Joint Appendix 11-14).

In fact, the first presentence report dated October 3, 2005 recommended a two-point reduction for acceptance of responsibility. But, the plea agreement provided that "the court will resolve any material dispute between the parties as to the amount of defendant's tax evasion." (SA:12).

Saggese objected to the calculation of the tax loss of $173,467 for tax years 1996, 1997 and 1998 under the relevant conduct provision of U.S.S.G. § 1B1.3.

The government, on the other hand, agreed with the October 3, 2005 PSI calculations but on the date set for sentencing, November 22, 2005, the District Court continued the sentencing, stating:

> All right. I know this is the time we had for sentencing. But we are not proceeding to sentencing today. As Mr. Saggese probably is aware, given the phone calls that have gone on this morning between my chambers, the U.S. Attorney's Office, and Mr. Longobardi's office, information surfaced late yesterday afternoon, which was brought to my attention midday today, indicating a wire transfer of funds, close to a quarter of a million dollars, to a bank account in Florida.
> There may be some easy explanation for this, in which case I would be delighted to hear it and we will move promptly to sentencing. However, that is not going to happen today, because it's a matter that I am going to have the government have an opportunity to look into. The presentence office is going to have an opportunity to investigate this and report on it.

The presentence office submitted a revised report dated December 7, 2005 and sentencing took place on December 14, 2005.

Significantly, the revised report added two levels for obstruction of justice (relating to the matter which prompted the continuance of the original sentencing hearing) and no reduction for acceptance of responsibility. As stated, Saggese appeals only from the denial of acceptance of responsibility.

In that regard, the District Court, after hearing from defense counsel, addressed the issue of acceptance of responsibility as follows:

> But what I don't get and what I need to see in order to say somebody has accepted responsibility is any kind of sense of I did it. I knew it. I was

3

involved.  It was me.  I wanted to avoid the taxes.  I wanted to enjoy the fruits of the money I had earned without paying the taxes that I owed.  That's the crime you pled guilty to.  It's evading taxes.  And to date, sir, honestly, I don't get a sense that you feel like I really did something wrong there and I owe for it, and that's the problem.  And I can't give acceptance of responsibility points if there is not a genuine acceptance of owning to that criminal culpability.  And that's just not coming across to me at all and so I can't give you those points.

## II.

Initially, there are at least four application notes to U.S.S.G. § 3E1.1 which we consider in addressing the issue before us.  Before discussing Note 1(a), we observe that Note 3 reminds us that a defendant who enters a guilty plea is not entitled to an adjustment as a matter of right.  U.S.S.G. § 3E1.1 Application Note 3.

U.S.S.G. § 3E1.1 Application Note 4 states that conduct resulting in an enhancement for obstructing or impeding the administration of justice ordinarily indicates that the defendant has not accepted responsibility and U.S.S.G. § 3E1.1 Application Note 5 states:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review.

The last note was referred to in U.S. v. Singh, 923 F.2d 1039 (3d Cir. 1991) where this court, after quoting U.S.S.G. § 3E1.1 Application Note 5, said:

> Accordingly, a district court's finding that a defendant did not accept responsibility may be reversed only if "clearly erroneous." *United States v. Cianscewski*, 894 F.2d 74, 83 (3d Cir. 1990), citing *United States v. Ortiz*, 878 F.2d 125, 128 (3d Cir. 1989).

More recently in U.S. v. Williams, 344 F.3d 365, 379 (3d Cir. 2003), we said:

4

While we review findings of fact for clear error, and legal conclusions *de novo*, *Cohen*, 171 F.3d at 802, we are especially deferential to the sentencing court's assessment of whether the defendant accepted responsibility.

Acknowledging the standard by which the court reviews the issue in this case, Saggese argues that his admission at the change of plea and the initial recommendation of the PSI should have resulted in acceptance of responsibility being granted to him, and that failure to do so is clearly erroneous.[1]  In that regard, application Note 1(a) of § 3E1.1, as cited by Saggese seems to support his argument until the very last sentence, which reads, "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."  U.S.S.G. § 3E1.1 Application Note 1(a).

This is precisely what happened before the District Court on the day of sentencing where in the court's own words addressed to Saggese ". . . as recently as today, no doubt in close coordination with you, your attorney has argued effectively that it really wasn't your fault."  (SA:50).  To the very end, in his allocution (SA:56), Saggese only accepted responsibility for one thing – "misrepresenting certain stubs."[2]

Sentencing courts may consider whether defendant has admitted or denied conduct beyond the specific conduct of the offense of conviction in determining whether to grant a

---

[1]Saggese does not discuss the later PSI dated December 7, 2005, in his brief.

[2]Saggese's guideline range was 24-30 months without the acceptance of responsibility.  With the two-level reduction, the guideline range would be 18-24 months.  His sentence of 24 months was within either range.

5

two-level reduction for acceptance of responsibility. <u>U.S. v. Frierson</u>, 945 F.2d 650, 655-56 (3d Cir. 1991).

The relevant conduct of Saggese and his failure to admit it was carefully considered in this case, and we find that the decision based upon that consideration was clearly not erroneous.

## III.

Based on the foregoing, we will affirm the judgment imposed December 14, 2005 and docketed December 20, 2005.