

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2008

# USA v. Rosado-Figueroa

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Rosado-Figueroa" (2008). *2008 Decisions.* Paper 909.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/909

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4873

———

UNITED STATES OF AMERICA

v.

HECTOR ROSADO-FIGUEROA,
<u>Appellant</u>

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 04-cr-00595-6)
District Judge: Hon. John C. Lifland

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2008

Before: SLOVITER, ROTH and BARRY, <u>Circuit Judges</u>

(Filed : July 3, 2008)

———

<u>OPINION</u>

SLOVITER, Circuit Judge.

Hector Rosado-Figueroa appeals the sentence imposed following his guilty plea to a drug distribution conspiracy charge. He argues that the District Court abused its discretion in denying him a three-point reduction in offense level for acceptance of responsibility and timely notification of intention to plead guilty. For the following reasons, we will affirm the sentence.

**I.**

On May 10, 2005, Rosado-Figueroa pled guilty to conspiring to distribute more than fifty kilograms of cocaine, in violation of 21 U.S.C. § 846. During the hearing at which Rosado-Figueroa entered his guilty plea, he participated in a colloquy with the Assistant U.S. Attorney. Rosado-Figueroa admitted to driving with two men to a parking lot in Philadelphia on August 13, 2004 and meeting up with three additional men to arrange a transfer of cocaine. Rosado-Figueroa stated that these men then followed him to a particular apartment in Philadelphia, where they entered the apartment and soon exited with three boxes containing cocaine, loading them into a pickup truck. Rosado-Figueroa admitted that he knew that these boxes contained cocaine. The government measured approximately sixty-five kilograms of cocaine in the boxes.

Rosado-Figueroa's plea agreement with the government contained a stipulation that "[a]s of the date of this letter," he qualified for a two-level downward adjustment for acceptance of responsibility and that he would also be eligible for a one-level downward

adjustment for timely notification of intention to plead guilty pursuant to U.S.S.G. § 3E1.1 if his offense level was sixteen or greater. Supp. App. at 6. However, at the sentencing hearing, the government challenged the three-level adjustment because, it claimed, Rosado-Figueroa had given a "patently false" statement to the Probation Office that was contained in the Pre-Sentence Report ("PSR"). App. at 22.

The PSR contained statements by Rosado-Figueroa that tended to diminish his role in the drug distribution conspiracy in support of his subsequently withdrawn request for a downward adjustment for being a minor participant. For example, Rosado-Figueroa told the Probation Office that he came to Philadelphia from Puerto Rico to attempt to reconcile with his wife, who had moved to Philadelphia, that he did not know the other people involved in the conspiracy, and that he was given the boxes by a garage owner he was acquainted with named Jose. Rosado-Figueroa stated that Jose arranged the meeting with the other defendants, and that he had not received any money, but was expecting to receive payment from Jose later. Finally, the PSR related that Rosado-Figueroa said that "he was not sure what type of drugs the boxes contained, but was sure they contained an illegal substance." PSR ¶ 32. Rosado-Figueroa expressed remorse and apologized for his actions.

In its objection to the PSR and at the sentencing hearing, the government argued that Rosado-Figueroa was no longer entitled to the downward adjustment because the information he provided to the Probation Office conflicted with evidence presented at the

trial of Rosado-Figueroa's co-defendant, Orlando Cardona-Rosario, over which the same District Judge had presided. The District Court ultimately denied the departure, finding that Rosado-Figueroa "has told a story[] which is so inconsistent with the evidence adduced at trial, which I credit," and that Rosado-Figueroa made "false denials of relevant conduct . . . ." App. at 35.

The District Court noted the evidence that there were more than forty telephone calls from August 11 through August 13, 2004 between a cell phone in Rosado-Figueroa's possession which was activated in Puerto Rico on August 6, 2004 and a cell phone found in co-defendant Cardona-Rosario's possession. This undermined Rosado-Figueroa's contention he did not know Cardona-Rosario. The court also found that Rosado-Figueroa's statement that he had come to Philadelphia to reconcile with his wife was suspect in light of the fact that his driver's license listed the Philadelphia apartment as his address. Contradicting Rosado-Figueroa's contention that "Jose" had given him the boxes, the court noted that he had a receipt for the purchase of the boxes that were used to hold the cocaine. Therefore, the court concluded by a preponderance of the evidence that Rosado-Figueroa was not telling the truth and was not entitled to a downward departure for acceptance of responsibility.

Before sentencing Rosado-Figueroa, the District Court offered him an opportunity to change his story, but Rosado-Figueroa again denied making the phone calls, and maintained that he received the cocaine boxes from Jose. The District Court then

4

concluded "that the requirements of acceptance of responsibility have not been met," denied the downward departure, and sentenced Rosado-Figueroa to 188 months imprisonment. App. at 47-48.

## II.

A defendant seeking an offense level reduction for acceptance of responsibility has the burden of establishing that he or she is entitled to the reduction by a preponderance of the evidence. United States v. Boone, 279 F.3d 163, 193 (3d Cir. 2002). A district court's factual determination regarding acceptance of responsibility is reviewed for clear error. Id. "The district court's denial of the reduction is entitled to 'great deference' because '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" Id. (quoting U.S.S.G. § 3E1.1 cmt. n.5).

The Sentencing Guidelines provide for a two-level decrease in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense . . . ." U.S.S.G. § 3E1.1(a). An additional one-level decrease for timely notification of intention to plead guilty may be applied if the defendant qualifies for the acceptance of responsibility reduction, has an offense level of sixteen or greater, and the government moves for this reduction. U.S.S.G. § 3E1.1(b). The application notes for § 3E1.1 provide that pleading guilty prior to trial "combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . will constitute significant evidence of acceptance of

5

responsibility . . . ." U.S.S.G. § 3E1.1 cmt. n.3. "[A] plea of guilty is not dispositive as to the defendant's acceptance of responsibility," United States v. Singh, 923 F.2d 1039, 1043 (3d Cir. 1991), and entering a guilty plea does not entitle a defendant to an adjustment as a matter of right, U.S.S.G. § 3E1.1 cmt. n.3.

The discrepancies noted by the District Court constitute, if anything, "relevant conduct," as defined by reference to U.S.S.G. § 1B1.3, which includes, in part, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . ." U.S.S.G. § 1B1.3(a)(1)(A). The discrepancies at issue, specifically Rosado-Figueroa's ownership and use of the cell phone, his reasons for being in Philadelphia, and the purchase of the cardboard boxes, are all directly related to his level of participation in the drug distribution conspiracy.

The District Court, presiding over both Rosado-Figueroa's sentencing hearing and Cardona-Rosario's trial, was in the best position to determine whether Rosado-Figueroa was being truthful, and if not, to what extent this affected a full acceptance of responsibility for the crime. The District Court clearly set forth its findings and provided ample explanation for its conclusion that Rosado-Figueroa was not being truthful and therefore had not met his burden of showing acceptance of responsibility. "[W]hen a defendant denies relevant conduct that the district court subsequently determines to be true, a district court may properly deny a downward adjustment for acceptance of responsibility." United States v. Irvin, 369 F.3d 284, 288 (3d Cir. 2004).

6

## III.

The District Court's denial of the downward departure for acceptance of responsibility is not clearly erroneous. Therefore, we will affirm its judgment of sentence.