**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 07-4027
———

UNITED STATES OF AMERICA


v.

LOUIS STILLIS,
Appellant
———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-00680-3)
District Judge: Honorable Jan E. DuBois
———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 13, 2011)
———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

After a jury trial, Louis Stillis was found guilty of conspiracy to distribute more

than five kilograms of cocaine and substantive cocaine distribution offenses.

Additionally, after a bench trial, Stillis was found guilty of possession of a firearm by a

convicted felon.  The District Court sentenced Stillis to a concurrent 235-month sentence. Stillis appeals the District Court's denial of his motion for judgment of acquittal or new trial as well as the District Court's refusal at sentencing to grant a downward departure for acceptance of responsibility.  For the reasons below, we will affirm.

**I.**

On April 13, 2005, a Grand Jury in the Eastern District of Pennsylvania returned a Fifty-Three Count Superseding Indictment against Stillis and eight other co-defendants.[1] Count One charged all defendants with conspiracy to distribute more than five kilograms of cocaine in Philadelphia and Delaware Counties from July 2003 through October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Additionally, Stillis was charged with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a), and aiding and abetting distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.  Finally, Count 53 charged Stillis with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The Superseding Indictment alleged that defendant Tyrone Smith obtained large quantities of cocaine and distributed it to defendant William Green, who in turn redistributed it to Stillis.  Stillis then distributed the cocaine to buyers and other members of the conspiracy.  The co-conspirators then sold the cocaine to street-level buyers, repackaged and transported cocaine, and collected money from drug sales.  Stillis and his

---

[1] Five co-defendants pled guilty.  Stillis and three co-defendants – Tyrone Trader, Jamal Rideout, and Larry Davis – were convicted at trial.

co-conspirators operated in the Toby Farms neighborhood of Delaware County, Pennsylvania.

On January 3, 2007, Stillis and three other co-defendants proceeded to jury trial. On January 16, 2007, at the conclusion of the Government's case, Stillis orally moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. The District Court denied the motion. On January 18, 2007, the jury found Stillis guilty on all counts.

Count 53, which charged Stillis with possession of a firearm by a convicted felon, was severed from the drug conspiracy and distribution charges. On January 19, 2007, Stillis waived his right to a jury trial. After a bench trial, the District Court convicted Stillis on Count 53.

On February 14, 2007, Stillis moved for judgment of acquittal or, alternatively, for a new trial under Federal Rules of Criminal Procedure 29 and 33, generally arguing that the evidence was insufficient to support the jury's verdict on Count One. On March 28, 2007, Stillis filed the First Supplement to his motion, arguing that the evidence was insufficient to sustain his Count 53 conviction. On May 23, 2007, Stillis filed a Second Supplement, arguing that the evidence was insufficient to sustain the jury's verdict on Count One because the evidence did not show that the conspiracy involved more than five kilograms of cocaine. On July 16, 2007, the District Court denied Stillis' motions as to Count One in a written order. *United States v. Stillis*, No. 04-680-06, 2007 U.S. Dist. LEXIS 51511 (E.D. Pa. July 16, 2007). After a hearing held on July 25, 2007, the District Court denied Stillis' motion as to Count 53.

The District Court sentenced Stillis on October 5, 2007.  Stillis argued for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, but the District Court denied the reduction.  The District Court sentenced Stillis to 235 months' incarceration on Counts One, 16, 20, and 23, to be served concurrently with 120 months' incarceration on Count 53.  Stillis timely appealed on October 11, 2007.[2]

## II.

On appeal, Stillis argues: (1) that the evidence was insufficient to prove beyond a reasonable doubt that the conspiracy involved five or more kilograms of cocaine; (2) that a new trial on Count 53 was required due to newly discovered evidence; and (3) that the District Court clearly erred by denying his motion for a downward departure for acceptance of responsibility.  We will affirm the District Court in all respects.

## A.

When reviewing a challenge to the sufficiency of the evidence, "[w]e must sustain the verdict if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (quotations and citation omitted).  "We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Count One of the Superseding Indictment charged Stillis with conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In response to the District Court's interrogatory, the jury found beyond a reasonable doubt that "the quantity of cocaine a defendant conspired to distribute was five kilograms or more." *Supp. App.* 1014. Stillis contends that the Government's evidence was insufficient to prove the conspiracy involved at least five kilograms of cocaine. We disagree.

The Government was required to prove that the drug distribution conspiracy "involv[ed]" at least five kilograms of cocaine. 21 U.S.C. § 841(b). Reviewing the evidence in the light most favorable to the Government, a rational trier of fact could have reasonably inferred that the conspiracy involved more than five kilograms of cocaine. The evidence at trial showed that Stillis routinely obtained cocaine from Green and that 7.5 kilograms was a conservative estimate of the cocaine Stillis obtained from Green. In addition to Green, the evidence indicated that Stillis may have had another cocaine supplier: Green testified that he never delivered more than a half-kilogram block of cocaine to Stillis, but Donna and Richard Savage testified that Stillis hid a full-kilogram block of cocaine in their residence. Moreover, the evidence showed that Stillis and his co-conspirators diluted the cocaine for street-level sales. Thus the cocaine quantity Stillis and the co-conspirators distributed exceeded the initial quantity Stillis and the co-conspirators obtained. Finally, the Government submitted exhaustive evidence of street-level cocaine sales which, in aggregate, could have led the jury reasonably to infer that

5

the conspiracy involved more than five kilograms of cocaine. Therefore, we will affirm Stillis' Count One conviction.

<h1 style="text-align:center">B.</h1>

Stillis next argues that the District Court abused its discretion by denying his Rule 33 motion for a new trial on Count 53 based on newly discovered evidence. We reject this argument.

Count 53 charged Stillis with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The District Court convicted Stillis after a bench trial. At the bench trial, Kenneth Wilson testified that on the night of April 22, 2004, Stillis was in Toby Farms with him and two other men, Mumford, and Comid.[3] Wilson had his 9-millimeter Lorcin handgun in his car. After the men heard a gunshot, Wilson walked to a nearby convenience store. Wilson returned to the car as police began to arrive in the area. The men fled and hid in the backyard of a home on Gideon Street occupied by Richard and Donna Savage. Stillis told Wilson that he had taken Wilson's gun from the car and carried it with him. Stillis then hid the handgun in the Savages' backyard, intending to return and retrieve it the next day.

In addition to Wilson's testimony, Donna Savage testified that her young son found the gun the next day, that she called the police, and that Officer Paden came to her home to retrieve the gun. Officer Paden testified that he recovered the gun from Donna Savage on April 22, 2004. Donna Savage also testified that she met Stillis by chance at a

---

[3] Wilson was charged in the same Superseding Indictment as Stillis but pled guilty prior to trial.

convenience store a few days later, and Stillis apologized to her because her son found the gun. Richard Savage testified that he told Stillis that the police had come to his home to retrieve the gun and that Stillis became angry and swore. Finally, Wilson identified the gun, admitted it belonged to him, and stated that he had last seen it in his car on April 22, 2004. The District Court then found Stillis guilty.

On May 8, 2007, the District Court held a hearing on Stillis' motion for a new trial. At the hearing, Stillis offered newly discovered evidence, calling Mumford as a witness. Mumford testified that he did not recall either being in the backyard of a house on Gideon Street with Wilson and Stillis or talking with Wilson and Stillis about hiding a gun. Nevertheless, the District Court denied Stillis' Rule 33 motion, determining that Mumford's testimony would probably not produce an acquittal at a new trial.

"We will reverse a denial of a Rule 33 motion for a new trial based on newly discovered evidence only if we conclude that the district court abused its discretion in denying the motion." *United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010). A defendant must meet five requirements before a district court may grant a new trial based on newly discovered evidence:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issued involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Id*. (citation omitted). A defendant bears a "heavy burden" to prove each requirement. *Id*. (citation omitted).

7

Stillis did not meet his heavy burden here. Mumford only testified that he *did not recall* being in a yard on Gideon Street or having a conversation about hiding a gun. Weighing Mumford's equivocal testimony against the testimony of Kenneth Wilson, Donna Savage, Richard Savage, and Officer Paden, Mumford's testimony would not "probably produce an acquittal" at a new trial. *Id.* Moreover, "[i]t is the job of the district court . . . to decide whether the newly discovered evidence is credible, and, if so, whether it would probably produce an acquittal if a new trial were held." *United States v. Kelly*, 539 F.3d 172, 188 (3d Cir. 2008) (quotations and citations omitted). Here, the District Court exercised – but did not abuse – its discretion in determining that Mumford's testimony, even if credible, did not contradict the Government's evidence and therefore was unlikely to produce an acquittal. This was not an abuse of discretion. Accordingly, we will affirm the District Court's denial of Stillis' motion for a new trial.

## C.

Stillis' final argument is that the District Court clearly erred at sentencing by refusing to grant him a two-level downward adjustment for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1. We review the District Court's denial of a downward adjustment for acceptance of responsibility under a "clearly erroneous" standard. *United States v. Singh*, 923 F.2d 1039, 1043 (3d Cir. 1991). We give "great deference" to the District Court's decision not to apply the two-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 5; *United States v. Barr*, 963 F.2d 641, 657 (3d Cir. 1992).

The District Court did not err by denying Stillis a downward departure. Primarily, Stillis put the Government to its burden of proof at trial. Stillis did not admit his role in the conspiracy, the quantity of cocaine the conspiracy involved, the substantive drug distribution offenses, or his possession of a firearm. Although Stillis correctly points out that conviction by trial does not automatically preclude a reduction for acceptance of responsibility, a reduction in these circumstances is "rare." U.S.S.G. § 3E1.1, Application Note 2. This case is not one of those rare circumstances. Stillis did not comply with any other Guidelines factors indicative of acceptance of responsibility. *Id.* at Application Note 1(a)-(h). In short, the District Court did not clearly err by refusing to grant Stillis a downward departure for acceptance of responsibility, and we will affirm.

**III.**

For the foregoing reasons, we affirm Stillis' conviction and sentence.