NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1301
_____

UNITED STATES OF AMERICA

v.

JOHN J. HUGHES, JR.,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-10-cr-00190-001)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
January 07, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: January 9, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

This appeal arises from a criminal trial in which Defendant John Hughes, Jr. was

found guilty of one count of conspiracy to use fire to commit a federal felony and

interstate transportation of stolen property and one count of interstate transportation of

stolen property. For the reasons stated below, we will affirm the judgment of conviction and sentence.

I.

On June 16, 2010, a grand jury in the Middle District of Pennsylvania returned a three-count indictment naming Hughes and a co-conspirator, Angel Rodriguez. The indictment charged both with (1) conspiracy to commit arson and interstate transportation of stolen property in violation of 18 U.S.C. § 371; (2) arson in violation of 18 U.S.C. § 844(i) and 18 U.S.C. § 2; and (3) interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and 18 U.S.C. § 2. (App. 26a-29a.) Hughes entered a plea of "not guilty" to each of the three charges on June 22, 2010; Rodriguez entered a plea of not guilty on July 13, 2010.

On January 19, 2011, a grand jury returned a superseding indictment, again naming Hughes and Rodriguez as defendants and charging both with three crimes. (App. 30a.) Count I of the superseding indictment charged both with conspiracy to use fire to commit a federal felony and interstate transportation of stolen property in violation of 18 U.S.C. § 371; Count II charged both with use of fire to commit a federal felony in violation of 18 U.S.C. § 844(h) and 18 U.S.C. § 2; and Count III charged both with interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and 18 U.S.C. §2. (App. 30a-33a.) On February 22, 2011, Rodriguez entered a plea of guilty to a single count of arson in violation of 18 U.S.C. § 844(i). Hughes, on the other hand, elected to go to trial on all three counts pending against him. On August 3, 2011, Hughes was

convicted by a jury on Counts I and III of the superseding indictment, and acquitted on Count II.

At sentencing on January 24, 2012, Hughes argued that he was entitled to credit for acceptance of responsibility under the Guidelines because he had only contested the counts related to arson, and that he accepted responsibility for the acts underlying the theft counts. The District Court denied his request, noting that "[a]t trial, [Defendant] noted to the jury that he was going to accept responsibility for the thefts, but he never pled guilty to anything. He took the case to trial and decided that he was going to roll the dice. I see no acceptance." (App. 927a; *see also* App. 912a-927a.) Ultimately, Hughes was sentenced to a term of 180 months' imprisonment. Rodriguez was sentenced to 60 months' imprisonment.

Hughes presents three issues on appeal: (1) that the use-of-fire object of the conspiracy count should have been dismissed; (2) that he should have been given credit for acceptance of responsibility; and (3) that his sentence was excessive and substantively unreasonable. We will address each argument in turn.

II.

A. Superseding Indictment

Hughes argues that Count I of the superseding indictment – conspiracy to use fire to commit a federal felony and interstate transportation of stolen property – should have been dismissed. Count I lists two objects, including the use of fire to commit a federal felony. The superseding indictment does not specifically say what "federal felony" constituted the underlying offense, however, and he argues that it could be "any number

3

of offenses" and that the indictment "failed to apprise [him] of what he need[ed] to be prepared to meet." (Br. at 15.) Thus, Hughes argues that Count I should have been dismissed. His argument fails.

This Court has plenary review of the sufficiency of the allegations contained in an indictment. *United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012). An indictment must set forth the elements of an alleged crime with "sufficient factual orientation" to allow a defendant to prepare an adequate defense. *See id.* at 596. We find that the superseding indictment at the very least provided Hughes with sufficient notice as to the elements of the alleged crime such that the Hughes knew and could prepare for the allegations he would have to defend.

The elements of a charge of conspiracy are (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal. *United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (citing *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999)). The superseding indictment named the co-conspirators and set forth the two objects of the conspiracy: profiting from the sale of stolen property and concealment of the theft of property through setting a fire at a specific location. (App. 30a.) Furthermore, the superseding indictment specifies the overt acts taken in furtherance of the conspiracy: (1) that the co-conspirators stole property and inventory from the victim, Americana, and (2) that Hughes directed his co-conspirator to set fire to Americana's building. (App. 31a.) In other words, the charge explicitly stated that Hughes conspired to use the setting of a fire

4

in furtherance of the felonious conspiracy and the felonious transportation of stolen property across state lines.

As the superseding indictment adequately gave Hughes notice of the elements of the crime he was charged with committing, we will affirm the District Court's denial of Hughes's motion to dismiss Count I of the superseding indictment.

## B. Acceptance of Responsibility

Hughes further argues that because the use-of-fire object of the conspiracy should be vacated, he actually accepted responsibility for his actions as to all allegations for which he was convicted, and is therefore entitled to credit for acceptance of responsibility under the Guidelines. As discussed above, this Court does not find that the use-of-fire object of the conspiracy must be vacated. Furthermore, we do not find that the District Court's denial of his request for credit for acceptance of responsibility was clearly erroneous. A district court's determination as to a defendant's acceptance of responsibility for purposes of the Sentencing Guidelines is "entitled to great deference on review" and "may be reversed only if 'clearly erroneous.'" *United States v. Singh*, 923 F.2d 1039, 1043 (3d Cir. 1991) (quoting U.S.S.G. § 3E1.1 (commentary) (application note 5)). Although conviction by trial does not preclude downward departure for acceptance of responsibility, *United States v. Howe*, 543 F.3d 128, 138 (3d Cir. 2008), the district court is in no way obligated to grant downward departure. Accordingly, we will affirm the District Court's refusal to grant Hughes credit for acceptance of responsibility.

5

## C. Reasonableness of the Sentence

Finally, we address Hughes's argument that the disparity between his sentence and that of his co-conspirator rendered his sentence substantively unreasonable. (App. 932a-937a.) The procedural and substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). In this case, the District Court did not abuse its discretion in sentencing Hughes to a term of imprisonment significantly longer than that of Rodriguez. As the record shows, the District Court compared the relevant facts pertaining to Hughes and Rodriguez, including the crimes for which they were convicted, their respective roles in the conspiracy, the level of cooperation they offered to the government, and other background facts. (App. 942a-943a.) The record reflects the District Court's rational and meaningful consideration of the factors under 18 U.S.C. § 3553(a), and therefore, we will affirm the District Court's imposition of Hughes's sentence.

## III.

For the reasons stated above, we will affirm the judgment of conviction and the sentence imposed by the District Court.