ACCEPTED
03-15-00334-CR
6705480
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:01:21 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00334-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:01:21 PM
JEFFREY D. KYLE
Clerk

|  |  |  |
|---|---|---|
| | § | |
| Ex Parte Moses Martinez | § | APPELLANT |
| | § | |

APPEAL FROM COUNTY COURT #2

BELL COUNTY, TEXAS

CAUSE NO. 2C11-07750

## APPELLANT'S BRIEF

Jose "Chito" Vela III
Walker Gates Vela PLLC
505 E Huntland Dr, Ste 300
Austin, Texas 78752
Phone: 512.633.1785
Fax: 512.615.3366
Chito.v@walkergatesvela.com
Bar Number: 24048859

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Moses Martinez AKA Moises Martinez Hernandez
456 S Old Potato Rd
Paige, TX 78659
**Appellant**

Jose "Chito" Vela III
505 E Huntland Dr, Ste 300
Austin, Texas 78752
**Appellate and Writ Attorney for Appellant**

Scott Sinsabaugh
1508 SW H.K. Dodgen Loop
Temple, TX 76504
**Trial Attorney for Appellant**

Stephen Morris
Bell County Attorney's Office
1201 Huey Rd
Belton, TX 76513
**Appellate Attorney for the State**

The Honorable John Mischtian
Bell County Court #2
1201 Huey Rd
Belton, TX 76513
**Trial Judge**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... i

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE CASE ........................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ............................................. v

ISSUE PRESENTED ....................................................................................... vi

STATEMENT OF FACTS ................................................................................. 2

SUMMARY OF THE ARGUMENT ................................................................... 2

POINT OF ERROR .......................................................................................... 4

    THE TRIAL COURT ERRED BY FAILING TO *SUA SPONTE*
    CONDUCT A COMPETENCY INQUIRY AFTER TESTIMONIAL
    EVIDENCE AND APPELLANT'S COURTROOM CONDUCT
    SUGGESTED THAT HE WAS INCOMPETENT TO STAND
    TRIAL. .................................................................................................... 4

PRAYER ........................................................................................................ 10

CERTIFICATE OF SERVICE .......................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Ex parte Ali*, 368 S.W. 3d 827, 830 (Tex. App. – Austin 2012, pet ref'd)... 4, 5, 6, 7

*Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)............................ 5

*Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005) ............................ 6

*Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) ........................................................ 5

*State v. Villegas*, (Tex. App. – Dallas 2013) LEXIS 15096 (Unpublished opinion) 6

*US v. Batamula*, 788 F.3d 166, 172 (5th Cir. Tex. 2015) ....................................... 7

*Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010)...................... 8

## STATEMENT OF THE CASE

*Nature of the case:*

On September 3, 2011, Appellant was charged with the Class B misdemeanor of driving while intoxicated. CR 11.

*Course of proceedings:*

On August 9, 2012, Appellant plead no contest to the Class B driving while intoxicated charge and was sentenced to three days jail, an $850 fine, and $409.10 in court costs. CR 34-35. A writ of habeas corpus alleging ineffective assistance of counsel was filed on October 15, 2014. CR 37-52. A hearing on the writ was held on January 8, 2015. During the hearing on the writ of habeas corpus, both Appellant and his trial attorney, Scott Sinsabaugh, testified. The writ was denied by Judge Mischtian on April 14, 2015. CR 69-70, 80.

*Disposition of the case:*

The writ was denied by Judge Mischtian on April 14, 2015. CR 69-70, 80. Appellant timely filed his notice of appeal on May 11, 2015. CR 81.

iv

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because he believes that it would aid in this Court's decisional process. This case turns on whether Appellant received effective assistance of counsel regarding in his plea to the DWI charge. Oral argument would assist with this Court's examination and analysis of the record, particularly the nuances and complexity of immigration law.

## ISSUE PRESENTED

Is it an abuse of discretion by a trial court to deny a writ of habeas corpus when the facts show that Appellant was not advised of the immigration consequences of a plea and the immigration consequences of the plea are substantial and prejudice the Appellant?

NO. 03-15-00334-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

| | § | |
|---|---|---|
| Ex Parte Moses Martinez | § | APPELLANT |
| | § | |

APPEAL FROM COUNTY COURT #2

BELL COUNTY, TEXAS

CAUSE NO. 2C11-07750

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW Appellant Moses Martinez, by and through his undersigned counsel, and offers this Appellant's Brief. Appellant would respectfully show the Court the following:

1

## STATEMENT OF FACTS

Moses Martinez AKA Moises Martinez Hernandez was brought to the United States by his parents in 1991, when he was about one year old. RR II 6-7. He was raised in Austin, Texas, attending school in Austin and eventually graduating from Reagan High School in 2008. RR II 7. While he was in high school, he worked at McDonald's, played soccer, and had his first child. RR II 7-8. He now has three US citizen children, ages 7, 4 and 2. RR II 6. Other than the DWI at issue in this case, Appellant has no other criminal history.

On September 3, 2011, Appellant was stopped by a Temple Police Officer and arrested for driving while intoxicated. On June 15, 2012, shortly before Appellant's plea, the US Department of Homeland Security announced its Deferred Action for Childhood Arrivals (DACA) program. Appellant was eligible for DACA when it was announced.[1] However, on August 9, 2012, Appellant plead

---

[1] See DACA guidelines at: http://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-daca. For purposes of these guidelines, a DWI conviction is considered a "significant misdemeanor." The guidelines provide that: "You may request DACA if you:
1.Were under the age of 31 as of June 15, 2012;
2.Came to the United States before reaching your 16th birthday;
3.Have continuously resided in the United States since June 15, 2007, up to the present time;
4.Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;
5.Had no lawful status on June 15, 2012;
6.Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a general education development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

2

no contest to the Class B driving while intoxicated charge and was sentenced to three days jail, an $850 fine, and $409.10 in court costs. CR 34-35. Because of this plea, Appellant became ineligible for the newly announced DACA program. Applicant was eventually ordered deported from the US by an immigration court. His removal from the United States is currently pending.

## Testimony of Appellant and Trial Attorney

A writ of habeas corpus alleging ineffective assistance of counsel was filed on October 15, 2014. CR 37-52. A hearing on the writ was held on January 8, 2015. During the hearing on the writ of habeas corpus, both Appellant and his trial attorney, Scott Sinsabaugh, testified. Appellant stated that his trial attorney was aware that he was an undocumented immigrant to the US. RR II 24. Appellant was not aware of his eligibility for the DACA program when he plead guilty to the DWI. RR II 10. Appellant stated that he did not discuss DACA with either his criminal defense or immigration attorney. RR II 10-11. Appellant plead guilty "because I didn't think this was going to affect me in the future". RR II 29.

Appellant's trial attorney conceded that "I was aware that he had an immigration question or issue at some point prior to him signing [the plea]". RR II 43.

---

7.Have not been convicted of a felony, significant misdemeanor,or three or more other misdemeanors, and do not

3

However, the trial attorney never spoke to Appellant's immigration attorney. RR II 60. His trial attorney does not practice immigration law. RR II 51. His trial attorney testified that he relied on the admonishments contained in the plea agreement stating that there "could" be consequences to a criminal conviction. RR II 53. His trial attorney was not aware that a DWI conviction would make Appellant ineligible for DACA. RR II 57-58.

## SUMMARY OF THE ARGUMENT

The trial court erred by denying the writ of habeas corpus when the testimony of both the Appellant and his trial attorney showed that neither were aware that a plea to a DWI would make Appellant ineligible for DACA and thus subject to deportation from the United States.

## POINT OF ERROR

THE TRIAL COURT ERRED BY DENYING THE WRIT OF HABEAS CORPUS WHEN THE EVIDENCE SHOWED APPELLANT'S TRIAL ATTORNEY DID NOT ADVISE HIM OF THE IMMIGRATION CONSEQUENCES OF HIS PLEA AND APPELLANT STATED HE ONLY PLEAD NO CONTEST BECAUSE HE THOUGHT THERE WERE NO IMMIGRATION CONSEQUENCES

### Argument and Authorities

An appellate court reviews a trial court's decision to grant or deny habeas corpus relief by viewing the facts in the light most favorable to the trial court's ruling and upholding that ruling absent an abuse of discretion. *Ex parte Ali*, 368

---

otherwise pose a threat to national security or public safety."

S.W. 3d 827, 830 (Tex. App. – Austin 2012, pet ref'd); *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). However, when the facts are uncontested, a de novo review by the appellate court is appropriate. *Ex parte Ali*, 368 S.W. 3d at 831. In the absence of express findings of fact, an appeals court will impute implied findings of fact that support the ruling when such implied findings are both reasonable and supported by the record. *See Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).

The US Supreme Court held that counsel must inform his client whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). When the deportation consequence is clear, the duty to give correct advice is also clear. *Id.* at 369. The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Ex parte Ali*, 368 S.W. 3d 827, 833 (Tex. App. – Austin 2012, pet ref'd). An applicant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability, one sufficient to undermine confidence in the result, that the outcome would have been different but for his counsel's performance. *Id* (citing *Strickland v. Washington*, 466 U.S. at 694). The test is objective; it turns on what a reasonable person in the defendant's shoes would do. *Id* at 835. (citing *US v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988)

5

The Applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* However, the Applicant need not show he would have received a better outcome at trial. *Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005). In determining whether an applicant would not have plead guilty but for counsel's deficient advice, a court is to consider the circumstances surrounding the plea and the gravity of the misrepresentation material to that determination. *Ex parte Ali* 368 S.W.3d at 837 (citing *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). A Texas appellate court has found that eligibility for DACA is a basis for a *Padilla* writ. *State v. Villegas*, (Tex. App. – Dallas 2013) LEXIS 15096 (Unpublished opinion).

ANALYSIS

Because the facts are uncontested in this case and there are no findings of fact or conclusions of law, Appellant believes a de novo review is appropriate. The first part of *Strickland* requires counsel's performance to be deficient. In this case, the trial attorney filed no pre-trial motions other than a motion to withdraw on June 5, 2012 because "Defendant is unable to pay for services." CR 25. The motion to withdraw was withdrawn on Jun 29, 2012 and the case was set for a guilty plea on August 9, 2012. CR 28. The probable cause affidavit states that Appellant agreed to a blood draw and "Officer Dominguez brought his trainee (Fuggit) to the

6

hospital to have him do a blood draw." CR 5. Despite their being a blood draw by a "trainee", no motions requesting discovery on blood evidence were filed. The chain of custody was never checked. In fact, the results of the blood draw are not part of the court's record.

Despite being aware that his client was represented by immigration counsel, the trial attorney did not communicate with him regarding the immigration consequences of a plea. RR II 60. And the trial attorney conceded that he did not advise Appellant that a DWI conviction would make him ineligible for DACA. RR II 57-58. Appellant never received any legal advice from his trial attorney regarding the immigration impact a DWI conviction would have. The lack of a vigorous defense combined with the enormous immigration consequences that a DWI carried show the trial attorney's representation was deficient.

Although the court did provide a generic written admonishment that a conviction "may result in deportation", the Fifth Circuit recently stated that even a strong judicial admonishment that deportation is "likely" is not enough to satisfy the *Padilla* requirements. *US v. Batamula*, 788 F.3d 166, 172 (5th Cir. Tex. 2015) ("Given the Court's repeated emphasis on the paramount importance of providing effective representation and competent advice regarding the immigration consequences of conviction before entry of the defendant's guilty plea, we cannot conclude that the prejudice caused by a violation of that duty can be categorically

7

erased by a judge's general and laconic statement during the plea colloquy that deportation is "likely", after that bargaining process is complete, and immediately prior to the court's acceptance of the guilty plea."). Defense counsel in a criminal case where the client is not a citizen of the US has an affirmative duty to advise his client as to the immigration consequences of a conviction. This was not done.

The second Strickland prong requires that there is a reasonable probability, one sufficient to undermine confidence in the result, that the outcome would have been different but for his counsel's performance. Appellant must prove by a preponderance that but for counsel's errors, he would not have plead guilty. *Ex parte Ali* 368 S.W.3d at 835. This requires proof that a decision to reject a plea bargain was rational under the circumstances. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010).

Appellant applied for DACA while this proceeding was pending and was denied because of his DWI conviction. CR 63-67. As those records note, US Citizenship and Immigration Services sent him a notice of intent to deny based on his DWI conviction. Appellant is a high school graduate that came to the US when he was 1 year old. If not for this conviction, Appellant would qualify for an immigration program that would have enabled him to receive a work permit, a social security number, and a reprieve from deportation. He would be able to work in any job he wanted. He could go to college. Most importantly, he could stay here

8

with his US citizen children.

Appellant's decision to plead guilty to a DWI charge would have been completely irrational if he was aware of the immigration consequences. Because of the immigration consequences of this plea, Appellant had to fight his deportation in immigration court and eventually appeal that decision all the way to the Fifth Circuit of the United States. CR 50-52. That appeal was denied and now Appellant faces imminent deportation from the United States.

If Appellant was able to fight and win his DWI case – or at the very least negotiate a plea bargain involving a non-DWI conviction that left him eligible for DACA – Appellant would have saved thousands of dollars in legal expenses along with the stress, hassle, time and effort involved in a long, draw out immigration proceeding. Further, if Appellant had taken the case to trial, he was likely to receive probation even if he was convicted. This was Appellant's first arrest. He had no prior criminal history and is a high school graduate with three children. The plea bargain gained him virtually nothing. In fact, Appellant's plea only seems rational if he believed that the DWI would have no impact on his immigration case. In that situation, it would be rational to conserve resources in his criminal case that he could use for his immigration case. Unfortunately, because he was not advised of the immigration consequences of his plea, he was not aware of the program for so-called "Dreamers" that had been recently enacted. This lack of good legal

9

advice denied him an opportunity to benefit from this life changing program that would prevent his deportation.

Finally, a DWI is a Class B misdemeanor punishable by a maximum of 180 days in jail. This is not a case where the consequences of losing at trial were extreme and a Defendant made a rational choice in accepting the collateral consequences of a conviction to avoid a lengthy jail sentence. This is a case where the immigration consequences seem extreme in light of the relatively minor nature of the criminal charges. But that is the very crux of the claim under *Padilla*. A rational person who had been properly advised of the immigration consequences of this plea bargain would not have accepted the offer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court sustain his point of error, reverse the trial court's denial of the writ, and render judgment granting Appellant a new trial.

Respectfully submitted,

José "Chito" Vela III
Walker Gates Vela PLLC
505 E Huntland Dr, Ste 300
Austin, Texas 78752

10

## CERTIFICATE OF SERVICE

This is to certify that the above Appellant's brief has been served on the State's attorney by faxing a copy to Stephen Morris, Assistant Bell County Attorney, to the fax number 254-933-5150 on this 28th day of August, 2015.

Jose "Chito" Vela III

## CERTIFICATE OF COMPLIANCE

This is to certify that the above Appellant's brief complies with the length requirements of TEX. R. APP. PROC. 9(i)(2) because it contains 2,737 words.

Jose "Chito" Vela III

11